**ORIGINAL**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUL 20 2022

CLERK, U.S. DISTRICT COURT
By_____
Deputy

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

**3-22CV1580-B**

| | | |
|---|---|---|
| David Adrian Smith | § | Case No.: _____ |
|     Plaintiff (*Pro Se*), | § | |
| | § | **PLAINTIFF'S ORIGINAL** |
|     v. | § | **COMPLAINT AND PETITION** |
| | § | **FOR REMEDIES TO** |
| | § | **VIOLATIONS OF:** |
| WWE, Inc, Defendant One, | § | |
| Carol Riddick, Defendant Two, | § | **(1) 18 US CODE CHAPTER 90,** |
| Frank Riddick, Defendant Three, | § | **PROTECTION OF TRADE** |
| Vince McMahon, Defendant Four, | § | **SECRETS;** |
| Scott Jackson, Defendant Five, | § | **(2) 18 US CODE CHAPTER 96,** |
| Alpha Entertainment, LLC, Defendant Six, | § | **RACKETEER INFLUENCED** |
| Dick Ebersol, Defendant Seven, | § | **AND CORRUPT** |
| Charlie Ebersol, Defendant Eight, | § | **ORGANIZATIONS (RICO).** |
| ESPN, Inc, Defendant Nine, | § | |
| Bill Polion, Defendant Ten, | § | |
| Legendary Field Exhibitions, LLC, | § | |
|     Defendant Eleven, | § | |
| Reginald Dennis Fowler, Defendant Twelve, | § | |
| Tom Dundon, Defendant Thirteen, | § | |
| Alpha Acquico, LLC, Defendant Fourteen, | § | |
| Dwayne Johnson, Defendant Fifteen, | § | |
| Dany Garcia, Defendant Sixteen, | § | |
| Gerry Cardinale, Defendant Seventeen, | § | |
| Redbird Capital Partners, LLC, | § | |
|     Defendant Eighteen, | § | |
| Canadian Football League, Defendant Nineteen | § | |
| MGM Resorts International Operations, Inc, | § | |
|     Defendant Twenty | § | |
| | § | **JURY TRIAL DEMANDED** |
|     Defendants. | § | |
| | § | |

## PARTIES

1.    DAVID ADRIAN SMITH ("PLAINTIFF") is an INDIVIDUAL and resident of

FARMERS BRANCH, TEXAS and may be served with process at his home address at 3917

CLUBWAY LANE, FARMERS BRANCH, TX 75244 (Ph: 214-235-9215).

2.    WORLD WRESTLING ENTERTAINMENT, INC. (aka WWE, Inc.) ("DEFENDANT ONE") is a DELAWARE CORPORATION with its principal place of business in STAMFORD, CONNECTICUT and may be served with process through its registered agent, THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE ST, WILMINGTON, DE 19801 (Ph: 302-658-7581).

3.    CAROL RIDDICK ("DEFENDANT TWO") is an INDIVIDUAL and resident of SOUTH CAROLINA and may be served with process at her home address at 83 GREENLEAF RD, BLUFFTON, SOUTH CAROLINA 29910; or at WORLD WRESTLING ENTERTAINMENT, INC, 1241 E. MAIN ST, STAMFORD, CONNECTICUT 06902 where her husband, FRANK RIDDICK ("DEFENDANT THREE") is a DIRECTOR; or wherever she may be found.

4.    FRANK RIDDICK ("DEFENDANT THREE") is an INDIVIDUAL and resident of the State of SOUTH CAROLINA and may be served with process at WORLD WRESTLING ENTERTAINMENT, INC, 1241 E. MAIN ST, STAMFORD, CONNECTICUT 06902 where he is CFO and an EXECUTIVE or wherever he may be found.

5.    VINCE MCMAHON ("DEFENDANT FOUR") is an INDIVIDUAL and resident of the State of CONNECTICUT and may be served with process at WORLD WRESTLING ENTERTAINMENT, INC, 1241 E. MAIN ST, STAMFORD, CONNECTICUT 06902 where he is CEO and a DIRECTOR or wherever he may be found.

6.    SCOTT JACKSON ("DEFENDANT FIVE") is an INDIVIDUAL and resident of the State of TEXAS and may be served with process at his principal place of business FLOWORKS INTERNATIONAL, LLC at their registered address at 3750 PASADENA FWY, PASADENA, TX 77503 where he is CEO or wherever he may be found.

7.     ALPHA ENTERTAINMENT, LLC ("DEFENDANT SIX") is a DELAWARE LIMITED LIABILITY COMPANY with its principal place of business in STAMFORD, CONNECTICUT and may be served with process through its registered agent, CORPORATION SERVICE COMPANY, 251 LITTLE FALLS DR, WILMINGTON, DELAWARE 19808 (Ph: 302-636-5401).

8.     DICK EBERSOL ("DEFENDANT SEVEN") is an INDIVIDUAL and resident of the State of CALIFORNIA and may be served with process at his home address, 147 PROSPECT ST, LITCHFIELD, CT 06759, or at the property accountant for the family trust which services their home at JCJ, LLP, 10866 WILSHIRE BLVD #300, LOS ANGELES, CA 90024-4350; or wherever they may be found.

9.     CHARLIE EBERSOL ("DEFENDANT EIGHT") is an INDIVIDUAL and resident of the State of CALIFORNIA and may be served with process at their home address, 10230 SUNSET BLVD, LOS ANGELES, CALIFORNIA 90077; or wherever he may be found.

10.    ESPN, INC ("DEFENDANT NINE") is a CONNECTICUT CORPORATION and may be served with process at their principal address of 935 MIDDLE ST, 17TH FLOOR, ESPN PLAZA, BRISTOL, CONNECTICUT 06010 or through their REGISTERED AGENT at CORPORATION SERVICE COMPANY, 100 PEARL ST, 17TH FLOOR, MC-CSC1, HARTFORD, CT 06103.

11.    BILL POLIAN ("DEFENDANT TEN") is an INDIVIDUAL and resident of the State of NORTH CAROLINA and may be served with process at his home address, 9234 ROBBINS PRESERVE RD, CORNELIUS, NC 28031; or wherever he may be found.

12.    LEGENDARY FIELD EXHIBITIONS, LLC ("DEFENDANT ELEVEN") is a DELAWARE LIMITED LIABILITY COMPANY with its principal place of business in SAN

FRANCISCO, CALIFORNIA and may be served with process through its registered agent, THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE ST, WILMINGTON, DE 19801 (Ph: 302-658-7581).

13.     REGINALD DENNIS FOWLER ("DEFENDANT TWELVE") is an individual and resident of the State of ARIZONA and may be served with process at their home address at 4939 W RAY RD, STE 4, CHANDLER, AZ 85226; or wherever he may be found.

14.     TOM DUNDON ("DEFENDANT THIRTEEN") is an individual and resident of the State of TEXAS and may be served with process at his place of business, DUNDON CAPITAL PARTNERS, 2100 ROSS AVENUE, SUITE 3300, DALLAS, TX 75201; or at his home address, 5103 SOUTHBROOK DR, DALLAS, TX 75209; or wherever he may be found.

15.     ALPHA ACQUICO, LLC ("DEFENDANT FOURTEEN") is a DELAWARE LIMITED LIABILITY COMPANY with its principal business location in STAMFORD, CONNECTICUT and may be served with process through its registered agent, THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE ST, WILMINGTON, DE 19801 (Ph: 302-658-7581), or at its principal business address at 1266 E. MAIN ST, STAMFORD, CT 06902-3546.

16.     DWAYNE JOHNSON ("DEFENDANT FIFTEEN") is an INDIVIDUAL and resident of the State of CALIFORNIA and may be served with process at his principal place of business at ALPHA ACQUICO, LLC (dba XFL), 1266 E. MAIN ST, STAMFORD, CT 06902-3546, where he is an OWNER; or at his home address at 32 BEVERLY PARK TERRACE, BEVERLY HILLS, CALIFORNIA 90210; or wherever they may be found.

17.     DANY GARCIA ("DEFENDANT SIXTEEN") is an INDIVIDUAL and resident of the State of FLORIDA and may be served with process at her principal business address, THE

GARCIA COMPANIES, LLC, 4474 WESTON RD, WESTON, FL 33331 where she is a PRINCIPAL; or the registered agent for The Garcia Companies, LLC at THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE ST, WILMINGTON, DE 19801 (Ph: 302-658-7581); or wherever she may be found.

18.     GERRY CARDINALE ("DEFENDANT SEVENTEEN") is an INDIVIDUAL and resident of UNKNOWN and may be served with process at his principal place of business, REDBIRD CAPITAL PARTNERS, LLC, 667 MADISON AVE, 16th FLOOR, NEW YORK, NY 10065 where he is a PRINCIPAL; or wherever he may be found.

19.     REDBIRD CAPITAL PARTNERS, LLC ("DEFENDANT EIGHTEEN") is a DELAWARE LIMITED LIABILITY COMPANY with its principal place of business in NEW YORK, NEW YORK and may be served with process through its registered agent THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE ST, WILMINGTON, DE 19801 (Ph: 302-658-7581); or at their principal place of business, 667 MADISON AVE, NEW YORK, NY 10065.

20.     CANADIAN FOOTBALL LEAGUE ("DEFENDANT NINETEEN") is a CANADIAN CORPORATION with its principal place of business in TORONTO, ONTARIO, CANADA and may be served with process at its registered address CANADIAN FOOTBALL LEAGUE, 50 WELLINGTON ST EAST, 3RD FLOOR, TORONTO, ONTARIO M5E 1C8, CANADA (Ph: 416-322-9650) (RANDY AMBROSIE, COMMISSIONER).

21.     MGM RESORTS INTERNATIONAL OPERATIONS, INC ("DEFENDANT TWENTY") is a NEVADA CORPORATION with its principal place of business in LAS VEGAS, NEVADA and may be served with process through its registered agent CORPORATION SERVICE COMPANY (ATTN: GEORGE MASSIH), 112 NORTH CURRY

ST, CARSON CITY, NV 89703; or at their principal place of business, 3600 LAS VEGAS BLVD SOUTH, LAS VEGAS, NEVADA 89109 (Ph: 702-693-7120).

### JURISDICTION AND VENUE

22.     28 USC § 1331 establishes federal question jurisdiction in this court.

23.     18 USC § 1832 (Theft of Trade Secrets) establishes the predicate act triggering RICO civil action.   18 USC § 1836(b) allows Plaintiff's civil action for Misappropriation of Trade Secrets.   18 USC § 1836(c) establishes jurisdiction in the federal district courts over § 1832 (Theft) and § 1836(b) (Misappropriation) violations.   The differences between 18 USC § 1832 and 18 USC § 1836 are largely in terminology (Ex: received versus acquired; Ex: conveyed versus disclosed); and the **_use_** of the trade secrets of another **_constitutes Misappropriation though not Theft_** in statutory language.   However, violations of both Misappropriation of Trade Secrets and Theft of Trade Secrets can be proven concurrently, thus reducing the overall effort and expense for all Defendants as well as Plaintiff and the courts.   Thus, it is proper to aggregate all Defendants in this court's jurisdiction.

24.     18 USC § 1964(c) allows Plaintiff's RICO civil action upon establishment of a Pattern of Racketeering Activities (listed below).   Personal jurisdiction is established over the following Defendants under 18 USC § 1965(a):   Defendant #2 (Carol Riddick) and Defendant #3 (Frank Riddick) claimed Homestead Exemption, thus residence, in Highland Park, Texas at the time of the initial underlying events; Defendant #13 (Tom Dundon) resides in Dallas, TX; Defendant #13's (Tom Dundon) company (Dundon Capital Management, LLC) is headquartered in Dallas, Texas; Defendant #17's (Gerry Cardinale) company (Defendant #18, Redbird Capital, LLC) has an office in Dallas, Texas; and Defendant #18 (Redbird Capital, LLC) has an office in Dallas, Texas.   18 USC § 1965(b) aggregates all subsequent RICO Defendants and "other

parties" under this court's jurisdiction.

25.     Venue is proper under 28 USC § 1391(b) because any civil action may be brought in (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; and Plaintiff certifies that the initial events giving rise to this action did occur in Dallas County, Texas and Plaintiff's trade secret information is housed in Dallas County, Texas.

## FACTUAL ALLEGATIONS

26.     On May 10, 2016, Plaintiff disclosed confidential trade secret information to Defendant #2 (Carol Riddick) via email *__including__* market analysis, opportunity analysis, strategic analysis and other business information regarding a concept for a minor league or developmental league spring football league.  Plaintiff stated in their first email to Defendant #2, "*Please feel free to share with Mr. Riddick but ya'll keep it under your hats until we have the chance to discuss how to proceed or that it has no merit.*"  Plaintiff's stated desire was to discuss with Defendant #2's husband, Defendant #3 (Frank Riddick) a prior failed venture by Defendant #1 (WWE, Inc) in order that Plaintiff could learn what Defendant #1 learned from the failed venture and what, if they were to attempt such a venture again, they may do differently. Defendant #3 (Frank Riddick) was at that time on the Board of Directors of Defendant #1 (WWE, Inc) and is now no longer on the Board but is presently the Chief Financial Officer of the company.  In a series of emails back and forth between Plaintiff and Defendant #2, Defendant #2 asked several rounds of questions and Plaintiff provided responses with answers and further analysis of the opportunity including further trade secret information.  After several rounds of such back and forth, and no response from either Defendant #2 or Defendant #3 with feedback on what Defendant #1 learned from their previous failed venture, Plaintiff ceased communicating

with Defendant #2.

27.     Subsequently, PLAINTIFF alleges that Defendant #2 (Carol Riddick) and Defendant #3 (Frank Riddick) disclosed / conveyed to and Defendant #5 (Scott Jackson) acquired / received Plaintiff's trade secret information without Plaintiff's authorization. Defendant #2 made reference to Defendant #5 in one of her emails with specificity.  Defendant #5's LinkedIn profile confirmed his background.

28.     Subsequent to Plaintiff's disclosure of their confidential trade secret information to Defendant #2, PLAINTIFF alleges that Defendant #2 (Carol Riddick) and Defendant #3 (Frank Riddick) disclosed / conveyed to and Defendant #4 (Vince McMahon) acquired / received Plaintiff's trade secret information without Plaintiff's authorization.

29.     Subsequent to the disclosure / conveyance of Plaintiff's trade secret information to Defendant #4 (Vince McMahon) by Defendant #2 (Carol Riddick) and Defendant #3 (Frank Riddick), Defendant #4 disclosed / conveyed to and Defendant #7 (Dick Ebersol) acquired / received Plaintiff's trade secret information without Plaintiff's authorization and Defendant #4 (Vince McMahon) and Defendant #7 (Dick Ebersol) disclosed / conveyed to and Defendant #8 (Charlie Ebersol) acquired / received Plaintiff's trade secret information without Plaintiff's authorization.  Subsequently, Defendant #4 (Vince McMahon), Defendant #7 (Dick Ebersol) and Defendant #8 (Charlie Ebersol) disclosed / conveyed to and Defendant # 9 (ESPN, Inc) acquired / received then made use of Plaintiff's trade secret information during the production of an episode of ESPN's '30-for-30' series titled 'This was the XFL.'  In this episode, directed by Defendant #8 (Charlie Ebersol), Defendant #4 (Vince McMahon) and Defendant #7 (Dick Ebersol) discussed on camera their previous venture from c. 2001 known as the XFL.  Defendant #9 (ESPN, Inc) broadcasted the episode nationally.

30.     On January 25, 2018, Defendant #4 (Vince McMahon) announced that he would be relaunching the XFL and had formed Defendant #6 (Alpha Entertainment, LLC) for this purpose.  Leading up to this, Defendant #1 (WWE, Inc) had licensed logos and other property from the original XFL to Defendant #4 (Vince McMahon) and / or Defendant #6 (Alpha Entertainment, LLC).  This would have required action by either the Board of Directors of WWE, Inc, including Defendant #3 (Frank Riddick) and Defendant #4 (Vince McMahon), both members of the Board, or, separately, action by Defendant #4 (Vince McMahon), the CEO of WWE, Inc.  In either scenario, Defendant #1 (WWE, Inc) and / or Defendant #3 (Frank Riddick) and / or Defendant #4 (Vince McMahon) disclosed / conveyed to and Defendant #6 (Alpha Entertainment, Inc, dba XFL) acquired / received Plaintiff's trade secret information.

31.     Subsequent to Defendant #4's (Vince McMahon) disclosure / conveyance of Plaintiff's trade secret information to Defendant #8 (Charlie Ebersol), on or about March 20, 2018, Defendant #8 (Charlie Ebersol) announced that they would be launching a similar venture, Defendant #11 (Legendary Field Exhibitions, LLC, dba AAF), to pursue this venture.  There are subtle differences in how Defendant #4 (Vince McMahon) and Defendant #6 (Alpha Entertainment, LLC) operated the XFL (2020 version) and how Defendant #8 (Charlie Ebersol) and Defendant #11 (Legendary Field Exhibitions, LLC) operated the AAF (2019) that allude to Plaintiff's original confidential trade secret information.  Defendant #4 (Vince McMahon) could only have received / acquired this information through Defendant #2 (Carol Riddick) and Defendant #3 (Frank Riddick) and Defendant #8 (Charlie Ebersol) could only have acquired this information through Defendant #4 (Vince McMahon).  Defendants' acquisition / receipt of this information will be explored in discovery and at trial in depth.

32.     Subsequent to Defendant #4's (Vince McMahon) disclosure / conveyance of

Plaintiff's trade secret information to Defendant #8 (Charlie Ebersol), Defendant #8 disclosed / conveyed to and Defendant #10 (Bill Polian), who participated in the founding and operations of Defendant #11 (Legendary Field Exhibitions, LLC), acquired / received Plaintiff's trade secret information.  In addition, Defendant #7 (Dick Ebersol) and / or Defendant #8 (Charlie Ebersol) and / or Defendant #10 (Bill Polian) and / or Defendant #11 (Legendary Field Exhibitions, LLC, dba AAF) subsequently disclosed / conveyed to and Defendant #20 (MGM Resorts International Operations, Inc) acquired / received Plaintiff's trade secret information in the form of certain proprietary technology *__including__* smart phone applications which Defendant #20 laid claim to during Defendant #11's bankruptcy proceedings.

33.    Subsequent to Defendant #8's (Charlie Ebersol) acquisition of Plaintiff's confidential trade secret information, Defendant #8 and / or Defendant #10 (Bill Polian) and / or Defendant #11 (Legendary Field Exhibitions, LLC) disclosed / conveyed to and Defendant #12 (Reggie Fowler) acquired / received Plaintiff's trade secret information, who was the primary investor in the venture.

34.    Subsequent to Defendant #8's (Charlie Ebersol) acquisition of Plaintiff's confidential trade secret information, Defendant #8 and / or Defendant #10 (Bill Polian) and / or Defendant #11 (Legendary Field Exhibitions, LLC) disclosed / conveyed to and Defendant #13 (Tom Dundon), who became the primary investor and manager of the venture, acquired / received Plaintiff's trade secret information.

35.    Defendant #6 (Alpha Entertainment, LLC) operated the XFL leading up to and during approximately February through April 2020.  During this time, Defendant #9 (ESPN, Inc) broadcasted some of the league's games on its networks.  After shutting down operations in the face of the COVID-19 pandemic outbreak concurrent to that time period, later in 2020 Defendant

#6 filed bankruptcy and assets related to the XFL were sold during bankruptcy proceedings to Defendant #14 (Alpha Acquico, LLC). During this process and subsequently, Plaintiff's trade secret information was disclosed / conveyed to and acquired / received without Plaintiff's authorization by Defendant #14 and / or Defendant #15 (Dwayne Johnson) and / or Defendant #16 (Dany Garcia) and / or Defendant #17 (Gerry Cardinale) and / or Defendant #18 (Redbird Capital, LLC).

36.     Subsequent to acquisition of Plaintiff's trade secret information without Plaintiff's authorization, Defendant #14 (Alpha Acquico, LLC) and / or Defendant #15 (Dwayne Johnson) and / or Defendant #16 (Dany Garcia) and / or Defendant #17 (Gerry Cardinale) and / or Defendant #18 (Redbird Capital, LLC) disclosed / conveyed to and Defendant #19 (Canadian Football League, aka CFL) acquired / received Plaintiff's trade secret information without Plaintiff's authorization during negotiations to pursue mutual business including potential merger of the XFL and CFL. Defendant #14 (Alpha Acquico, LLC) is preparing to operate the XFL in spring 2023, and Defendant #19 (Canadian Football League) is preparing to operate the CFL in 2022.

## CONDITIONS PRECEDENT

37.     All conditions precedent to recovery by Plaintiff from each of the Defendants has occurred or has been performed.

## CAUSES OF ACTIONS

38.     Plaintiff incorporates by reference the allegations contained above as if fully set forth herein.

### *Misappropriation of Trade Secrets*

39.     Disclosure to and acquisition by Defendant #5 (Scott Jackson):

40.     COUNT ONE – Disclosure by Defendant #2 (Carol Riddick) to Defendant #5 (Scott Jackson).

41.     COUNT TWO – Disclosure by Defendant #3 (Frank Riddick) to Defendant #5 (Scott Jackson).

42.     COUNT THREE – Acquisition by Defendant #5 (Scott Jackson).

43.     Disclosure to and acquisition by Defendant #4 (Vince McMahon):

44.     COUNT FOUR – Disclosure by Defendant #2 (Carol Riddick) to Defendant #4 (Vince McMahon).

45.     COUNT FIVE – Disclosure by Defendant #3 (Frank Riddick) to Defendant #4 (Vince McMahon).

46.     COUNT SIX – Acquisition by Defendant #4 (Vince McMahon).

47.     Disclosure to and acquisition by Defendant #1 (WWE, Inc):

48.     COUNT SEVEN – Disclosure by Defendant #2 (Carol Riddick) to Defendant #1 (WWE, Inc).

49.     COUNT EIGHT – Disclosure by Defendant #3 (Frank Riddick) to Defendant #1 (WWE, Inc).

50.     COUNT NINE – Disclosure by Defendant #4 (Vince McMahon) to Defendant #1 (WWE, Inc).

51.     COUNT TEN – Acquisition by Defendant #1 (WWE, Inc).

52.     Disclosure to and acquisition by Defendant #6 (Alpha Entertainment, LLC):

53.     COUNT ELEVEN – Disclosure by Defendant #1 (WWE, Inc) to Defendant #6 (Alpha Entertainment, LLC).

54.     COUNT TWELVE – Disclosure by Defendant #3 (Frank Riddick) to Defendant

#6 (Alpha Entertainment, LLC).

55.     COUNT THIRTEEN – Disclosure by Defendant #4 (Vince McMahon) to Defendant #6 (Alpha Entertainment, LLC).

56.     COUNT FOURTEEN – Acquisition by Defendant #6 (Alpha Entertainment, LLC).

57.     Use by Defendants #1, #3, #4 and #6 by operating the XFL:

58.     COUNT FIFTEEN – Use by Defendant #1 (WWE, Inc).

59.     COUNT SIXTEEN – Use by Defendant #3 (Frank Riddick).

60.     COUNT SEVENTEEN – Use by Defendant #4 (Vince McMahon).

61.     COUNT EIGHTEEN – Use by Defendant #6 (Alpha Entertainment, LLC).

62.     Disclosure to and acquisition by Defendant #7 (Dick Ebersol):

63.     COUNT NINETEEN – Disclosure by Defendant #4 (Vince McMahon) to Defendant #7 (Dick Ebersol).

64.     COUNT TWENTY – Acquisition by Defendant #7 (Dick Ebersol).

65.     Disclosure to and acquisition by Defendant #8 (Charlie Ebersol):

66.     COUNT TWENTY-ONE – Disclosure by Defendant #4 (Vince McMahon) to Defendant #8 (Charlie Ebersol).

67.     COUNT TWENTY-TWO – Disclosure by Defendant #7 Dick Ebersol to Defendant #8 (Charlie Ebersol).

68.     COUNT TWENTY-THREE – Acquisition by Defendant #8 (Charlie Ebersol).

69.     Disclosure to and acquisition by Defendant #9 (ESPN, Inc):

70.     COUNT TWENTY-FOUR – Disclosure by Defendant #4 (Vince McMahon) to Defendant #9 (ESPN, Inc).

71.     COUNT TWENTY-FIVE – Disclosure by Defendant #7 (Dick Ebersol) to Defendant #9 (ESPN, Inc).

72.     COUNT TWENTY-SIX – Disclosure by Defendant #8 (Charlie Ebersol) to Defendant #9 (ESPN, Inc).

73.     COUNT TWENTY-SEVEN – Acquisition by Defendant #9 (ESPN, Inc).

74.     Disclosure by Defendant #4, #7, #8 and #9:

75.     COUNT TWENTY-EIGHT – Disclosure by Defendant #4 (Vince McMahon) by starring in '30-for-30' episode.

76.     COUNT TWENTY-NINE – Disclosure by Defendant #7 (Dick Ebersol) by starring in '30-for-30' episode.

77.     COUNT THIRTY – Disclosure by Defendant #8 (Charlie Ebersol) by directing '30-for-30' episode broadcast by Defendant #9 (ESPN, Inc).

78.     COUNT THIRTY-ONE – Disclosure by Defendant #9 (ESPN, Inc) during broadcast of '30-for-30' episode.

79.     Disclosure to and acquisition by Defendant #10 (Bill Polian):

80.     COUNT THIRTY-TWO – Disclosure by Defendant #8 (Charlie Ebersol) to Defendant #10 (Bill Polian).

81.     COUNT THIRTY-THREE – Acquisition by Defendant #10 (Bill Polian).

82.     Disclosure to and acquisition by Defendant #11 (Legendary Field Exhibitions, LLC):

83.     COUNT THIRTY-FOUR – Disclosure by Defendant #7 (Dick Ebersol) to Defendant #11 (Legendary Field Exhibitions, LLC).

84.     COUNT THIRTY-FIVE – Disclosure by Defendant #8 (Charlie Ebersol) to

Defendant #11 (Legendary Field Exhibitions, LLC).

85.     COUNT THIRTY-SIX – Disclosure by Defendant #10 (Bill Polian) to Defendant #11 (Legendary Field Exhibitions, LLC).

86.     COUNT THIRTY-SEVEN – Acquisition by Defendant #11 (Legendary Field Exhibitions, LLC).

87.     Disclosure to and acquisition by Defendant #12 (Reggie Fowler):

88.     COUNT THIRTY-EIGHT – Disclosure by Defendant #7 (Dick Ebersol) to Defendant #12 (Reginald Dennis Fowler).

89.     COUNT THIRTY-NINE – Disclosure by Defendant #8 (Charlie Ebersol) to Defendant #12 (Reginald Dennis Fowler).

90.     COUNT FORTY – Disclosure by Defendant #10 (Bill Polian) to Defendant #12 (Reginald Dennis Fowler).

91.     COUNT FORTY-ONE – Disclosure by Defendant #11 (Legendary Field Exhibitions, LLC) to Defendant #12 (Reginald Dennis Fowler).

92.     COUNT FORTY-TWO – Acquisition by Defendant #12 (Reginald Dennis Fowler).

93.     Use by Defendant #7, #8, #10, #11 and #12 by operating the AAF:

94.     COUNT FORTY-THREE – Use by Defendant #7 (Dick Ebersol).

95.     COUNT FORTY-FOUR – Use by Defendant #8 (Charlie Ebersol).

96.     COUNT FORTY-FIVE – Use by Defendant #10 (Bill Polian).

97.     COUNT FORTY-SIX – Use by Defendant #11 (Legendary Field Exhibitions, LLC).

98.     COUNT FORTY-SEVEN – Use by Defendant #12 (Reginald Dennis Fowler).

99.    Disclosure to and acquisition by Defendant #20:

100.   COUNT FORTY-EIGHT – Disclosure by Defendant #7 (Dick Ebersol) to Defendant #20 (MGM Resorts International, Inc).

101.   COUNT FORTY-NINE – Disclosure by Defendant #8 (Charlie Ebersol) to Defendant #20 (MGM Resorts International Operations, Inc).

102.   COUNT FIFTY – Disclosure by Defendant #10 (Bill Polian) to Defendant #20 (MGM Resorts International Operations, Inc).

103.   COUNT FIFTY-ONE – Disclosure by Defendant #11 (Legendary Field Exhibitions, LLC) to Defendant #20 (MGM Resorts International Operations, Inc).

104.   COUNT FIFTY-TWO – Disclosure by Defendant #12 (Reginald Dennis Fowler) to Defendant #20 (MGM Resorts International Operations, Inc).

105.   COUNT FIFTY-THREE – Acquisition by Defendant #20 (MGM Resorts International Operations, Inc).

106.   Use by Defendant #7, #8, #10, #11, #12 and #20:

107.   COUNT FIFTY-FOUR – Use by Defendant #7 (Dick Ebersol).

108.   COUNT FIFTY-FIVE – Use by Defendant #8 (Charlie Ebersol).

109.   COUNT FIFTY-SIX – Use by Defendant #10 (Bill Polian).

110.   COUNT FIFTY-SEVEN – Use by Defendant #11 (Legendary Field Exhibitions, LLC).

111.   COUNT FIFTY-EIGHT – Use by Defendant #12 (Reggie Fowler).

112.   COUNT FIFTY-NINE – Use by Defendant #20 (MGM Resorts International Operations, Inc).

113.   Disclosure to, acquisition by and use by Defendant #13 (Tom Dundon):

114.    COUNT SIXTY – Disclosure by Defendant #8 (Charlie Ebersol) to Defendant #13 (Tom Dundon).

115.    COUNT SIXTY-ONE – Disclosure by Defendant #11 (Legendary Field Exhibitions, LLC) to Defendant #13 (Tom Dundon).

116.    COUNT SIXTY-TWO – Acquisition by Defendant #13 (Tom Dundon).

117.    COUNT SIXTY-THREE – Use by Defendant #13 (Tom Dundon).

118.    Disclosure to, acquisition by and use by Defendant #14, #15, #16, #17 and #18:

119.    COUNT SIXTY-FOUR – Disclosure by Defendant #6 (Alpha Entertainment, LLC) to Defendant #14 (Alpha Acquico, LLC).

120.    COUNT SIXTY-FIVE – Disclosure by Defendant #6 (Alpha Entertainment, LLC) to Defendant #15 (Dwayne Johnson).

121.    COUNT SIXTY-SIX – Disclosure by Defendant #6 (Alpha Entertainment, LLC) to Defendant #16 (Dany Garcia).

122.    COUNT SIXTY-SEVEN – Disclosure by Defendant #6 (Alpha Entertainment, LLC) to Defendant #17 (Gerry Cardinale).

123.    COUNT SIXTY-EIGHT – Disclosure by Defendant #6 (Alpha Entertainment, LLC) to Defendant #18 (Redbird Capital, LLC).

124.    COUNT SIXTY-NINE – Disclosure by Defendant #4 (Vince McMahon) to Defendant #14 (Alpha Acquico, LLC).

125.    COUNT SEVENTY – Disclosure by Defendant #4 (Vince McMahon) to Defendant #15 (Dwayne Johnson).

126.    COUNT SEVENTY-ONE – Disclosure by Defendant #4 (Vince McMahon) to Defendant #16 (Dany Garcia).

127. COUNT SEVENTY-TWO – Disclosure by Defendant #4 (Vince McMahon) to Defendant #17 (Gerry Cardinale).

128. COUNT SEVENTY-THREE – Disclosure by Defendant #4 (Vince McMahon) to Defendant #18 (Redbird Capital, LLC).

129. COUNT SEVENTY-FOUR – Acquisition by Defendant #14 (Alpha Acquico, LLC).

130. COUNT SEVENTY-FIVE – Acquisition by Defendant #15 (Dwayne Johnson).

131. COUNT SEVENTY-SIX – Acquisition by Defendant #16 (Dany Garcia).

132. COUNT SEVENTY-SEVEN – Acquisition by Defendant #17 (Gerry Cardinale).

133. COUNT SEVENTY-EIGHT – Acquisition by Defendant #18 (Redbird Capital, LLC).

134. COUNT SEVENTY-NINE – Use by Defendant #14 (Alpha Acquico).

135. COUNT EIGHTY – Use by Defendant #15 (Dwayne Johnson).

136. COUNT EIGHTY-ONE – Use by Defendant #16 (Dany Garcia).

137. COUNT EIGHTY-TWO – Use by Defendant #17 (Gerry Cardinale).

138. COUNT EIGHTY-THREE – Use by Defendant #18 (Redbird Capital, LLC).

139. Disclosure to and acquisition by Defendant #19 (Canadian Football League):

140. COUNT EIGHTY-FOUR – Disclosure by Defendant #14 (Alpha Acquico, LLC) to Defendant #19 (Canadian Football League).

141. COUNT EIGHTY-FIVE – Disclosure by Defendant #15 (Dwayne Johnson) to Defendant #19 (Canadian Football League).

142. COUNT EIGHTY-SIX – Disclosure by Defendant #16 (Dany Garcia) to Defendant #19 (Canadian Football League).

143.    COUNT EIGHTY-SEVEN – Disclosure by Defendant #17 (Gerry Cardinale) to Defendant #19 (Canadian Football League).

144.    COUNT EIGHTY-EIGHT – Disclosure by Defendant #18 (Redbird Capital, LLC) to Defendant #19 (Canadian Football League).

145.    COUNT EIGHTY-NINE – Acquisition by Defendant #20 (Canadian Football League).

### *Theft of Trade Secrets*

146.    (a) Whoever, with intent to convert a trade secret, that is related to a product or service used in or intended for use in interstate or foreign commerce, to the economic benefit of anyone other than the owner thereof, and intending or knowing that the offense will, injure any owner of that trade secret, knowingly (1) *steals, or without authorization appropriates*, takes, carries away, or conceals, or by fraud, artifice, or deception obtains such information; (2) *without authorization* copies, duplicates, sketches, draws, photographs, downloads, uploads, alters, destroys, photocopies, replicates, *transmits*, delivers, sends, mails, communicates, *or conveys such information*; (3) *receives*, buys, *or possesses such information, knowing the same to have been stolen or appropriated*, obtained, *or converted without authorization*; (4) *attempts to commit any offense described in paragraphs (1) through (3)*; or (5) *conspires with one or more other persons to commit any offense described in paragraphs (1) through (3)*, and one or more of such persons do any act to effect the object of the conspiracy, shall, except as provided in subsection (b), be fined under this title or imprisoned not more than 10 years, or both (18 US Code § 1832).

147.    Conveyed to and received by Defendant #5 (Scott Jackson):

148.    COUNT ONE – Defendant #2 (Carol Riddick) conveys Plaintiff's trade secrets to Defendant #5 (Scott Jackson) (18 USC § 1832(a)(2)).

149.    COUNT TWO – Defendant #3 (Frank Riddick) conveys Plaintiff's trade secrets to Defendant #5 (Scott Jackson) (18 USC § 1832(a)(2)).

150.    COUNT THREE – Defendant #2 (Carol Riddick) conspires with Defendant #3 (Frank Riddick) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #5 (Scott Jackson) (18 USC § 1832(a)(5)).

151.    COUNT FOUR – Defendant #5 (Scott Jackson) receives Plaintiff's trade secrets from Defendant #2 (Carol Riddick) and Defendant #3 (Frank Riddick) (18 USC § 1832(a)(3)).

152.    Conveyed to and received by Defendant #4 (Vince McMahon):

153.    COUNT FIVE – Defendant #2 (Carol Riddick) conveys Plaintiff's trade secrets to Defendant #4 (Vince McMahon) (18 USC § 1832(a)(2)).

154.    COUNT SIX – Defendant #3 (Frank Riddick) conveys Plaintiff's trade secrets to Defendant #4 (Vince McMahon) (18 USC § 1832(a)(2)).

155.    COUNT SEVEN – Defendant #2 (Carol Riddick) conspires with Defendant #3 (Frank Riddick) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #4 (Vince McMahon) (18 USC § 1832(a)(5)).

156.    COUNT EIGHT – Defendant #4 (Vince McMahon) receives Plaintiff's trade secrets from Defendant #2 (Carol Riddick) and Defendant #3 (Frank Riddick) (18 USC § 1832(a)(3)).

157.    Conveyed to and received by Defendant #1 (WWE, Inc):

158.    COUNT NINE – Defendant #2 (Carol Riddick) conveys Plaintiff's trade secrets to Defendant #1 (WWE, Inc) (18 USC § 1832(a)(2)).

159.   COUNT TEN – Defendant #3 (Frank Riddick) conveys Plaintiff's trade secrets to Defendant #1 (WWE, Inc) (18 USC § 1832(a)(2)).

160.   COUNT ELEVEN – Defendant #4 (Vince McMahon) conveys Plaintiff's trade secrets to Defendant #1 (WWE, Inc) (18 USC § 1832(a)(2)).

161.   COUNT TWELVE – Defendant #1 (WWE, Inc) conspired with Defendant #2 (Carol Riddick), Defendant #3 (Frank Riddick) and Defendant #4 (Vince McMahon) to commit theft of trade secrets when Plaintiff's trade secrets are conveyed to Defendant #1 (WWE, Inc) (18 USC § 1832(a)(5)).

162.   COUNT THIRTEEN – Defendant #2 (Carol Riddick) conspired with Defendant #1 (WWE, Inc), Defendant #3 (Frank Riddick) and Defendant #4 (Vince McMahon) to commit theft of trade secrets when Plaintiff's trade secrets are conveyed to Defendant #1 (WWE, Inc) (18 USC § 1832(a)(5)).

163.   COUNT FOURTEEN – Defendant #3 (Frank Riddick) conspired with Defendant #1 (WWE, Inc), Defendant #2 (Carol Riddick) and Defendant #4 (Vince McMahon) to commit theft of trade secrets when Plaintiff's trade secrets are conveyed to Defendant #1 (WWE, Inc) (18 USC § 1832(a)(5)).

164.   COUNT FIFTEEN – Defendant #1 (WWE, Inc) receives Plaintiff's trade secrets from Defendant #2 (Carol Riddick), Defendant #3 (Frank Riddick) and Defendant #4 (Vince McMahon) (18 USC § 1832(a)(3)).

165.   Conveyed to and received by Defendant #6 (Alpha Entertainment, LLC):

166.   COUNT SIXTEEN – Defendant #1 (WWE, Inc) conveys Plaintiff's trade secrets to Defendant #6 (Alpha Entertainment, LLC) (18 USC § 1832(a)(2)).

167.   COUNT SEVENTEEN – Defendant #3 (Frank Riddick) conveys Plaintiff's trade

secrets to Defendant #6 (Alpha Entertainment, LLC) (18 USC § 1832(a)(2)).

168.    COUNT EIGHTEEN – Defendant #4 (Vince McMahon) conveys Plaintiff's trade secrets to Defendant #6 (Alpha Entertainment, LLC) (18 USC § 1832(a)(2)).

169.    COUNT NINETEEN – Defendant #1 (WWE, Inc), Defendant #3 (Frank Riddick) and Defendant #4 (Vince McMahon) conspire to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #6 (Alpha Entertainment, LLC) (18 USC § 1832(a)(5)).

170.    COUNT TWENTY – Defendant #6 (Alpha Entertainment, LLC) receives Plaintiff's trade secrets from Defendant #1 (WWE, Inc), Defendant #3 (Frank Riddick) and Defendant #4 (Vince McMahon) (18 USC § 1832(a)(3)).

171.    Conveyed to and received by Defendant #7 (Dick Ebersol):

172.    COUNT TWENTY-ONE – Defendant #4 (Vince McMahon) conveys Plaintiff's trade secrets to Defendant #7 (Dick Ebersol) (18 USC § 1832(a)(2)).

173.    COUNT TWENTY-TWO – Defendant #7 (Dick Ebersol) receives Plaintiff's trade secrets from Defendant #4 (Vince McMahon) (18 USC § 1832(a)(3)).

174.    COUNT TWENTY-THREE – Defendant #4 (Vince McMahon) and Defendant #7 (Dick Ebersol) conspire to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #7 (Dick Ebersol) (18 USC § 1832(a)(5)).

175.    Conveyed to and received by Defendant #8 (Charlie Ebersol):

176.    COUNT TWENTY-FOUR – Defendant #4 (Vince McMahon) conspires with Defendant #7 (Dick Ebersol) and Defendant #8 (Charlie Ebersol) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #8 (Charlie Ebersol) (18 USC § 1832(a)(5)).

177.    COUNT TWENTY-FIVE – Defendant #7 (Dick Ebersol) conspires with Defendant #4 (Vince McMahon) and Defendant #8 (Charlie Ebersol) to commit theft of trade

secrets by conveying Plaintiff's trade secrets to Defendant #8 (Charlie Ebersol) (18 USC § 1832(a)(5)).

178.   COUNT TWENTY-SIX – Defendant #8 (Charlie Ebersol) conspires with Defendant #4 (Vince McMahon) and Defendant #7 (Dick Ebersol) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #8 (Charlie Ebersol) (18 USC § 1832(a)(5)).

179.   COUNT TWENTY-SEVEN – Defendant #4 (Vince McMahon) conveys Plaintiff's trade secrets to Defendant #8 (Charlie Ebersol) (18 USC § 1832(a)(2)).

180.   COUNT TWENTY-EIGHT – Defendant #7 (Dick Ebersol) conveys Plaintiff's trade secrets to Defendant #8 (Charlie Ebersol) (18 USC § 1832(a)(2)).

181.   COUNT TWENTY-NINE – Defendant #8 (Charlie Ebersol) receives Plaintiff's trade secrets from Defendant #4 and Defendant #7 (18 USC § 1832(a)(3)).

182.   Conveyed to and received by Defendant #9 (ESPN, Inc):

183.   COUNT THIRTY – Defendant #4 (Vince McMahon) conspires with Defendant #7 (Dick Ebersol), Defendant #8 (Charlie Ebersol) and Defendant #9 (ESPN, Inc) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #9 (18 USC § 1832(a)(5)).

184.   COUNT THIRTY-ONE – Defendant #7 (Dick Ebersol) conspires with Defendant #4 (Vince McMahon), Defendant #8 (Charlie Ebersol) and Defendant #9 (ESPN, Inc) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #9 (18 USC § 1832(a)(5)).

185.   COUNT THIRTY-TWO – Defendant #8 (Charlie Ebersol) conspires with Defendant #4 (Vince McMahon), Defendant #7 (Dick Ebersol) and Defendant #9 (ESPN, Inc) to

commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #9 (18 USC § 1832(a)(5)).

186.    COUNT THIRTY-THREE – Defendant #9 (ESPN, Inc) conspires with Defendant #4 (Vince McMahon), Defendant #7 (Dick Ebersol) and Defendant #8 (Charlie Ebersol) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #9 (18 USC § 1832(a)(5)).

187.    COUNT THIRTY-FOUR – Defendant #4 (Vince McMahon) conveys Plaintiff's trade secrets to Defendant #9 (ESPN, Inc) (18 USC § 1832(a)(2)).

188.    COUNT THIRTY-FIVE – Defendant #7 (Dick Ebersol) conveys Plaintiff's trade secrets to Defendant #9 (ESPN, Inc) (18 USC § 1832(a)(2)).

189.    COUNT THIRTY-SIX – Defendant #8 (Charlie Ebersol) conveys Plaintiff's trade secrets to Defendant #9 (ESPN, Inc) (18 USC § 1832(a)(2)).

190.    COUNT THIRTY-SEVEN – Defendant #9 (ESPN, Inc) receives Plaintiff's trade secrets from Defendant #4, Defendant #7 and Defendant #8 (18 USC § 1832(a)(3)).

191.    Conveyed by Defendant #4, #7, #8 and #9:

192.    COUNT THIRTY-EIGHT – Defendant #4 (Vince McMahon) conspires with Defendant #7 (Dick Ebersol), Defendant #8 (Charlie Ebersol) and Defendant #9 (ESPN, Inc) to commit theft of trade secrets by conveying Plaintiff's trade secrets in the production of and broadcast of episode of '30-for-30' (18 USC § 1832(a)(5)).

193.    COUNT THIRTY-NINE – Defendant #7 (Dick Ebersol) conspires with Defendant #4 (Vince McMahon), Defendant #8 (Charlie Ebersol) and Defendant #9 (ESPN, Inc) to commit theft of trade secrets by conveying Plaintiff's trade secrets in the production of and broadcast of episode of '30-for-30' (18 USC § 1832(a)(5)).

194.    COUNT FORTY – Defendant #8 (Charlie Ebersol) conspires with Defendant #4 (Vince McMahon), Defendant #7 (Dick Ebersol) and Defendant #9 (ESPN, Inc) to commit theft of trade secrets by conveying Plaintiff's trade secrets in the production of and broadcast of episode of '30-for-30' (18 USC § 1832(a)(5)).

195.    COUNT FORTY-ONE – Defendant #9 (ESPN, Inc) conspires with Defendant #4 (Vince McMahon), Defendant #7 (Dick Ebersol) and Defendant #8 (Charlie Ebersol) to commit theft of trade secrets by conveying Plaintiff's trade secrets in the production of and broadcast of episode of '30-for-30' (18 USC § 1832(a)(5)).

196.    COUNT FORTY-TWO – Defendant #4 (Vince McMahon) conveys Plaintiff's trade secrets by starring in episode of '30-for-30' for Defendant #9 (18 USC § 1832(a)(2)).

197.    COUNT FORTY-THREE – Defendant #7 (Dick Ebersol) conveys Plaintiff's trade secrets by starring in episode of '30-for-30' for Defendant #9 (18 USC § 1832(a)(2)).

198.    COUNT FORTY-FOUR – Defendant #8 (Charlie Ebersol) conveys Plaintiff's trade secrets by producing episode of '30-for-30' for Defendant #9 (18 USC § 1832(a)(2)).

199.    COUNT FORTY-FIVE – Defendant #9 (ESPN, Inc) conveys, transmits and communicates Plaintiff's trade secrets during broadcast of '30-for-30' episode (18 USC § 1832(a)(2)).

200.    Conveyed to and received by Defendant #10 (Bill Polian):

201.    COUNT FORTY-SIX – Defendant #7 (Dick Ebersol) conspires with Defendant #8 (Charlie Ebersol) and Defendant #10 (Bill Polian) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #10 (Bill Polian) (18 USC § 1832(a)(5)).

202.    COUNT FORTY-SEVEN – Defendant #8 (Charlie Ebersol) conspires with Defendant #7 (Dick Ebersol) and Defendant #10 (Bill Polian) to commit theft of trade secrets by

conveying Plaintiff's trade secrets to Defendant #10 (Bill Polian) (18 USC § 1832(a)(5)).

203.    COUNT FORTY-EIGHT – Defendant #10 (Bill Polian) conspires with Defendant #7 (Dick Ebersol) and Defendant #8 (Charlie Ebersol) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #10 (Bill Polian) (18 USC § 1832(a)(5)).

204.    COUNT FORTY-NINE – Defendant #7 (Dick Ebersol) conveys Plaintiff's trade secrets to Defendant #10 (Bill Polian) (18 USC § 1832(a)(2)).

205.    COUNT FIFTY – Defendant #8 (Charlie Ebersol) conveys Plaintiff's trade secrets to Defendant #10 (Bill Polian) (18 USC § 1832(a)(2)).

206.    COUNT FIFTY-ONE – Defendant #10 (Bill Polian) receives Plaintiff's trade secrets from Defendant #7 and Defendant #8 (18 USC § 1832(a)(3)).

207.    Conveyed to and received by Defendant #11 (Legendary Field Exhibitions, LLC):

208.    COUNT FIFTY-TWO – Defendant #7 (Dick Ebersol) conspires with Defendant #8 (Charlie Ebersol), Defendant #10 (Bill Polian) and Defendant #11 (Legendary Field Exhibitions, LLC) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #11 (Legendary Field Exhibitions, LLC) (18 USC § 1832(a)(5)).

209.    COUNT FIFTY-THREE – Defendant #8 (Charlie Ebersol) conspires with Defendant #7 (Dick Ebersol), Defendant #10 (Bill Polian) and Defendant #11 (Legendary Field Exhibitions, LLC) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #11 (Legendary Field Exhibitions, LLC) (18 USC § 1832(a)(5)).

210.    COUNT FIFTY-FOUR – Defendant #10 (Bill Polian) conspires with Defendant #7 (Dick Ebersol), Defendant #8 (Charlie Ebersol) and Defendant #11 (Legendary Field Exhibitions, LLC) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #11 (Legendary Field Exhibitions, LLC) (18 USC § 1832(a)(5)).

211.    COUNT FIFTY-FIVE – Defendant #11 (Legendary Field Exhibitions, LLC) conspires with Defendant #7 (Dick Ebersol), Defendant #8 (Charlie Ebersol) and Defendant #10 (Bill Polian) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #11 (Legendary Field Exhibitions, LLC) (18 USC § 1832(a)(5)).

212.    COUNT FIFTY-SIX – Defendant #7 (Dick Ebersol) conveys Plaintiff's trade secrets to Defendant #11 (Legendary Field Exhibitions, LLC).

213.    COUNT FIFTY-SEVEN – Defendant #8 (Charlie Ebersol) conveys Plaintiff's trade secrets to Defendant #11 (Legendary Field Exhibitions, LLC) (18 USC § 1832(a)(2)).

214.    COUNT FIFTY-EIGHT – Defendant #10 (Bill Polian) conveys Plaintiff's trade secrets to Defendant #11 (Legendary Field Exhibitions, LLC) (18 USC § 1832(a)(2)).

215.    COUNT FIFTY-NINE – Defendant #11 (Legendary Field Exhibitions, LLC) receives Plaintiff's trade secrets from Defendant #7, #8 & #10 (18 USC § 1832(a)(3)).

216.    Conveyed to and received by Defendant #12 (Reggie Fowler):

217.    COUNT SIXTY – Defendant #7 (Dick Ebersol) conspires with Defendant #8 (Charlie Ebersol), Defendant #10 (Bill Polian), Defendant #11 (Legendary Field Exhibitions, LLC) and Defendant #12 (Reggie Fowler) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #12 (18 USC § 1832(a)(5)).

218.    COUNT SIXTY-ONE – Defendant #8 (Charlie Ebersol) conspires with Defendant #7 (Dick Ebersol), Defendant #10 (Bill Polian), Defendant #11 (Legendary Field Exhibitions, LLC) and Defendant #12 (Reggie Fowler) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #12 (18 USC § 1832(a)(5)).

219.    COUNT SIXTY-TWO – Defendant #10 (Bill Polian) conspires with Defendant #7 (Dick Ebersol), Defendant #8 (Charlie Ebersol), Defendant #11 (Legendary Field Exhibitions,

LLC) and Defendant #12 (Reggie Fowler) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #12 (18 USC § 1832(a)(5)).

220.   COUNT SIXTY-THREE (redacted due to duplication).

221.   COUNT SIXTY-FOUR – Defendant #11 (Legendary Field Exhibitions, LLC) conspires with Defendant #7 (Dick Ebersol), Defendant #8 (Charlie Ebersol), Defendant #10 (Bill Polian) and Defendant #12 (Reggie Fowler) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #12 (18 USC § 1832(a)(5)).

222.   COUNT SIXTY-FIVE – Defendant #12 (Reggie Fowler) conspires with Defendant #7 (Dick Ebersol), Defendant #8 (Charlie Ebersol), Defendant #10 (Bill Polian) and Defendant #11 (Legendary Field Exhibitions, LLC) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #12 (18 USC § 1832(a)(5)).

223.   COUNT SIXTY-SIX – Defendant #7 (Dick Ebersol) conveys Plaintiff's trade secrets to Defendant #12 (Reggie Fowler) (18 USC § 1832(a)(2)).

224.   COUNT SIXTY-SEVEN – Defendant #8 (Charlie Ebersol) conveys Plaintiff's trade secrets to Defendant #12 (Reggie Fowler) (18 USC § 1832(a)(2)).

225.   COUNT SIXTY-EIGHT – Defendant #10 (Bill Polian) conveys Plaintiff's trade secrets to Defendant #12 (Reggie Fowler) (18 USC § 1832(a)(2)).

226.   COUNT SIXTY-NINE – Defendant #11 (Legendary Field Exhibitions, LLC) conveys Plaintiff's trade secrets to Defendant #12 (Reggie Fowler) (18 USC § 1832(a)(2)).

227.   COUNT SEVENTY – Defendant #12 (Reggie Fowler) receives Plaintiff's trade secrets from Defendant #7, #8, #10 & #11 (18 USC § 1832(a)(3)).

228.   Conveyed to and received by Defendant #20 (MGM Resorts International Operations, Inc):

229.   COUNT SEVENTY-ONE – Defendant #7 (Dick Ebersol) conspires with Defendant #8 (Charlie Ebersol), Defendant #10 (Bill Polian), Defendant #11 (Legendary Field Exhibitions, LLC) and Defendant #12 (Reggie Fowler) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #20 (MGM Resorts International Operations, Inc) (18 USC § 1832(a)(5)).

230.   COUNT SEVENTY-TWO – Defendant #8 (Charlie Ebersol) conspires with Defendant #7 (Dick Ebersol), Defendant #10 (Bill Polian), Defendant #11 (Legendary Field Exhibitions, LLC) and Defendant #12 (Reggie Fowler) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #20 (MGM Resorts International Operations, Inc) (18 USC § 1832(a)(5)).

231.   COUNT SEVENTY-THREE – Defendant #10 (Bill Polian) conspires with Defendant #7 (Dick Ebersol), Defendant #8 (Charlie Ebersol), Defendant #11 (Legendary Field Exhibitions, LLC) and Defendant #12 (Reggie Fowler) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #20 (MGM Resorts International Operations, Inc) (18 USC § 1832(a)(5)).

232.   COUNT SEVENTY-FOUR – Defendant #11 (Legendary Field Exhibitions, LLC) conspires with Defendant #7 (Dick Ebersol), Defendant #8 (Charlie Ebersol), Defendant #10 (Bill Polian) and Defendant #12 (Reggie Fowler) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #20 (MGM Resorts International Operations, Inc) (18 USC § 1832(a)(5)).

233.   COUNT SEVENTY-FIVE – Defendant #12 (Reggie Fowler) conspires with Defendant #7 (Dick Ebersol), Defendant #8 (Charlie Ebersol), Defendant #10 (Bill Polian) and Defendant #11 (Legendary Field Exhibitions, LLC) to commit theft of trade secrets by

conveying Plaintiff's trade secrets to Defendant #20 (MGM Resorts International Operations, Inc) (18 USC § 1832(a)(5)).

234.   COUNT SEVENTY-SIX – Defendant #7 (Dick Ebersol) conveys Plaintiff's trade secrets to Defendant #20 (MGM Resorts International Operations, Inc) (18 USC § 1832(a)(2)).

235.   COUNT SEVENTY-SEVEN – Defendant #8 (Charlie Ebersol) conveys Plaintiff's trade secrets to Defendant #20 (18 USC § 1832(a)(2)).

236.   COUNT SEVENTY-EIGHT – Defendant #10 (Bill Polian) conveys Plaintiff's trade secrets to Defendant #20 (18 USC § 1832(a)(2)).

237.   COUNT SEVENTY-NINE – Defendant #11 (Legendary Field Exhibitions, LLC) conveys Plaintiff's trade secrets to Defendant #20 (18 USC § 1832(a)(2)).

238.   COUNT EIGHTY – Defendant #12 (Reggie Fowler) conveys Plaintiff's trade secrets to Defendant #20 (18 USC § 1832(a)(2)).

239.   COUNT EIGHTY-ONE – Defendant #20 (MGM Resorts International Operations, Inc) receives Plaintiff's trade secrets from Defendant #7, 8, 10, 11 & 12 (18 USC § 1832(a)(3)).

240.   Conveyed to and received by Defendant #13 (Tom Dundon):

241.   COUNT EIGHTY-TWO – Defendant #7 (Dick Ebersol) conspires with Defendant #8 (Charlie Ebersol), Defendant #10 (Bill Polian), Defendant #11 (Legendary Field Exhibitions, LLC) and Defendant #13 (Tom Dundon) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #13 (18 USC § 1832(a)(5)).

242.   COUNT EIGHTY-THREE – Defendant #8 (Charlie Ebersol) conspires with Defendant #7 (Dick Ebersol), Defendant #10 (Bill Polian), Defendant #11 (Legendary Field Exhibitions, LLC) and Defendant #13 (Tom Dundon) to commit theft of trade secrets by

conveying Plaintiff's trade secrets to Defendant #13 (18 USC § 1832(a)(5)).

243.    COUNT EIGHTY-FOUR – Defendant #10 (Bill Polian) conspires with Defendant #7 (Dick Ebersol), Defendant #8 (Charlie Ebersol), Defendant #11 (Legendary Field Exhibitions, LLC) and Defendant #13 (Tom Dundon) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #13 (18 USC § 1832(a)(5)).

244.    COUNT EIGHTY-FIVE – Defendant #11 (Legendary Field Exhibitions, LLC) conspires with Defendant #7 (Dick Ebersol), Defendant #8 (Charlie Ebersol), Defendant #10 (Bill Polian) and Defendant #13 (Tom Dundon) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #13 (Tom Dundon) (18 USC § 1832(a)(5)).

245.    COUNT EIGHTY-SIX – Defendant #7 (Dick Ebersol) conveys Plaintiff's trade secrets to Defendant #13 (Tom Dundon) (18 USC § 1832(a)(2)).

246.    COUNT EIGHTY-SEVEN – Defendant #8 (Charlie Ebersol) conveys Plaintiff's trade secrets to Defendant #13 (Tom Dundon) (18 USC § 1832(a)(2)).

247.    COUNT EIGHTY-EIGHT – Defendant #10 (Bill Polian) conveys Plaintiff's trade secrets to Defendant #13 (Tom Dundon) (18 USC § 1832(a)(2)).

248.    COUNT EIGHTY-NINE – Defendant #11 (Legendary Field Exhibitions, LLC) conveys Plaintiff's trade secrets to Defendant #13 (Tom Dundon) (18 USC § 1832(a)(2)).

249.    COUNT NINETY – Defendant #13 (Tom Dundon) receives Plaintiff's trade secrets from Defendant #7, #8, #10 & #11 (18 USC § 1832(a)(3)).

250.    Conveyed to and received by Defendant #14, #15, #16, #17 and #18:

251.    COUNT NINETY-ONE – Defendant #4 (Vince McMahon) conspires with Defendant #6 (Alpha Entertainment, LLC), Defendant #14 (Alpha Acquico, LLC), Defendant #15 (Dwayne Johnson), Defendant #16 (Dany Garcia), Defendant #17 (Gerry Cardinale) and

Defendant #18 (Redbird Capital Partners, LLC) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #14, #15, #16, #17 & #18 (18 USC § 1832(a)(5)).

252.    COUNT NINETY-TWO – Defendant #6 (Alpha Entertainment, LLC) conspires with Defendant #4 (Vince McMahon), Defendant #14 (Alpha Acquico, LLC), Defendant #15 (Dwayne Johnson), Defendant #16 (Dany Garcia), Defendant #17 (Gerry Cardinale) and Defendant #18 (Redbird Capital Partners, LLC) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #14, #15, #16, #17 & #18 (18 USC § 1832(a)(5)).

253.    COUNT NINETY-THREE – Defendant #14 (Alpha Acquico, LLC) conspires with Defendant #4 (Vince McMahon), Defendant #6 (Alpha Entertainment, LLC), Defendant #15 (Dwayne Johnson), Defendant #16 (Dany Garcia), Defendant #17 (Gerry Cardinale) and Defendant #18 (Redbird Capital Partners, LLC) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #14, #15, #16, #17 & #18 (18 USC § 1832(a)(5)).

254.    COUNT NINETY-FOUR – Defendant #15 (Dwayne Johnson) conspires with Defendant #4 (Vince McMahon), Defendant #6 (Alpha Entertainment, LLC), Defendant #14 (Alpha Acquico, LLC), Defendant #16 (Dany Garcia), Defendant #17 (Gerry Cardinale) and Defendant #18 (Redbird Capital Partners, LLC) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #14, #15, #16, #17 & #18 (18 USC § 1832(a)(5)).

255.    COUNT NINETY-FIVE – Defendant #16 (Dany Garcia) conspires with Defendant #4 (Vince McMahon), Defendant #6 (Alpha Entertainment, LLC), Defendant #14 (Alpha Acquico, LLC), Defendant #15 (Dwayne Johnson), Defendant #17 (Gerry Cardinale) and Defendant #18 (Redbird Capital Partners, LLC) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #14, #15, #16, #17 & #18 (18 USC § 1832(a)(5)).

256.    COUNT NINETY-SIX – Defendant #17 (Gerry Cardinale) conspires with

Defendant #4 (Vince McMahon), Defendant #6 (Alpha Entertainment, LLC), Defendant #14 (Alpha Acquico, LLC), Defendant #15 (Dwayne Johnson), Defendant #16 (Dany Garcia) and Defendant #18 (Redbird Capital Partners, LLC) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #14, #15, #16, #17 & #18 (18 USC § 1832(a)(5)).

257.   COUNT NINETY-SEVEN – Defendant #18 (Redbird Capital Partners, LLC) conspires with Defendant #4 (Vince McMahon), Defendant #6 (Alpha Entertainment, LLC), Defendant #14 (Alpha Acquico, LLC), Defendant #15 (Dwayne Johnson), Defendant #16 (Dany Garcia) and Defendant #17 (Gerry Cardinale) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #14, #15, #16, #17 & #18 (18 USC § 1832(a)(5)).

258.   COUNT NINETY-EIGHT – Defendant #4 (Vince McMahon) conveys Plaintiff's trade secrets to Defendant #14, 15, 16, 17 & 18 (18 USC § 1832(a)(2)).

259.   COUNT NINETY-NINE – Defendant #6 (Alpha Entertainment, LLC) conveys Plaintiff's trade secrets to Defendant #14, #15, #16, #17 & #18 (18 USC § 1832(a)(2)).

260.   COUNT ONE HUNDRED – Defendant #14 (Alpha Acquico, LLC) receives Plaintiff's trade secrets from Defendant #4 and Defendant #6 (18 USC § 1832(a)(3)).

261.   COUNT ONE HUNDRED-ONE – Defendant #15 (Dwayne Johnson) receives Plaintiff's trade secrets from Defendant #4 & Defendant #6 (18 USC § 1832(a)(3)).

262.   COUNT ONE HUNDRED-TWO – Defendant #16 (Dany Garcia) receives Plaintiff's trade secrets from Defendant #4 and Defendant #6 (18 USC § 1832(a)(3)).

263.   COUNT ONE HUNDRED-THREE – Defendant #17 (Gerry Cardinale) receives Plaintiff's trade secrets from Defendant #4 & Defendant #6 (18 USC § 1832(a)(3)).

264.   COUNT ONE HUNDRED-FOUR – Defendant #18 (Redbird Capital, LLC) receives Plaintiff's trade secrets from Defendant #4 & Defendant #6 (18 USC § 1832(a)(3)).

265.    Conveyed to and received by Defendant #19 (Canadian Football League):

266.    COUNT ONE HUNDRED-FIVE – Defendant #14 (Alpha Acquico, LLC) conspires with Defendant #15 (Dwayne Johnson), Defendant #16 (Dany Garcia), Defendant #17 (Gerry Cardinale), Defendant #18 (Redbird Capital, LLC) and Defendant #19 (Canadian Football League) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #19 (Canadian Football League) (18 USC § 1832(a)(5)).

267.    COUNT ONE HUNDRED-SIX – Defendant #15 (Dwayne Johnson) conspires with Defendant #14 (Alpha Acquico, LLC), Defendant #16 (Dany Garcia), Defendant #17 (Gerry Cardinale), Defendant #18 (Redbird Capital, LLC) and Defendant #19 (Canadian Football League) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #19 (Canadian Football League) (18 USC § 1832(a)(5)).

268.    COUNT ONE HUNDRED-SEVEN – Defendant #16 (Dany Garcia) conspires with Defendant #14 (Alpha Acquico, LLC), Defendant #15 (Dwayne Johnson), Defendant #17 (Gerry Cardinale), Defendant #18 (Redbird Capital, LLC) and Defendant #19 (Canadian Football League) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #19 (Canadian Football League) (18 USC § 1832(a)(5)).

269.    COUNT ONE HUNDRED-EIGHT – Defendant #17 (Gerry Cardinale) conspires with Defendant #14 (Alpha Acquico, LLC), Defendant #15 (Dwayne Johnson), Defendant #16 (Dany Garcia), Defendant #18 (Redbird Capital, LLC) and Defendant #19 (Canadian Football League) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #19 (Canadian Football League) (18 USC § 1832(a)(5)).

270.    COUNT ONE HUNDRED-NINE – Defendant #18 (Redbird Capital, LLC) conspires with Defendant #14 (Alpha Acquico, LLC), Defendant #15 (Dwayne Johnson),

Defendant #16 (Dany Garcia), Defendant #17 (Gerry Cardinale) and Defendant #19 (Canadian Football League) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #19 (Canadian Football League) (18 USC § 1832(a)(5)).

271.   COUNT ONE HUNDRED-TEN – Defendant #19 (Canadian Football League) conspires with Defendant #14 (Alpha Acquico, LLC), Defendant #15 (Dwayne Johnson), Defendant #16 (Dany Garcia), Defendant #17 (Gerry Cardinale) and Defendant #18 (Redbird Capital, LLC) to commit theft of trade secrets by conveying Plaintiff's trade secrets to Defendant #19 (Canadian Football League) (18 USC § 1832(a)(5)).

272.   COUNT ONE HUNDRED-ELEVEN – Defendant #14 (Alpha Acquico, LLC) conveys Plaintiff's trade secrets to Defendant #19 (18 USC § 1832(a)(2)).

273.   COUNT ONE HUNDRED-TWELVE – Defendant #15 (Dwayne Johnson) conveys Plaintiff's trade secrets to Defendant #19 (18 USC § 1832(a)(2)).

274.   COUNT ONE HUNDRED-THIRTEEN – Defendant #16 (Dany Garcia) conveys Plaintiff's trade secrets to Defendant #19 (18 USC § 1832(a)(2)).

275.   COUNT ONE HUNDRED-FOURTEEN – Defendant #17 (Gerry Cardinale) conveys Plaintiff's trade secrets to Defendant #19 (18 USC § 1832(a)(2)).

276.   COUNT ONE HUNDRED-FIFTEEN – Defendant #18 (Redbird Capital, LLC) conveys Plaintiff's trade secrets to Defendant #19 (18 USC § 1832(a)(2)).

277.   COUNT ONE HUNDRED-SIXTEEN – Defendant #19 (Canadian Football League) receives Plaintiff's trade secrets from Defendant #14,15,16,17&18(18 USC § 1832(a)(3)).


***Racketeer Influence and Corrupt Organizations (RICO) (18 USC § 1962)***

278.   Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 278, above, as if fully set forth herein.

279.   (a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. A purchase of securities on the open market for purposes of investment, and without the intention of controlling or participating in the control of the issuer, or of assisting another to do so, shall not be unlawful under this subsection if the securities of the issuer held by the purchaser, the members of his immediate family, and his or their accomplices in any pattern or racketeering activity or the collection of an unlawful debt after such purchase do not amount in the aggregate to one percent of the outstanding securities of any one class, and do not confer, either in law or in fact, the power to elect one or more directors of the issuer; (b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce; (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt; (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section (18 US Code § 1962).

280. COUNT ONE, Defendant #4 (Vince McMahon) – In or about December 2017, Defendant #1 (WWE, Inc) filed reports with the Securities Exchange Commission notifying the SEC that Defendant #4 (Vince McMahon) was divesting approximately $100 million in shares in Defendant #1. Funds were ***invested*** to launch Defendant #6 (Alpha Entertainment, LLC, dba XFL) to make use of Plaintiff's trade secrets without authorization in violation of 18 USC § 1962(a) (income derived from a pattern of racketeering activity to use or invest in the establishment or operation of any enterprise which is engaged in interstate commerce). Sale of shares becomes ordinary income at the time of sale. Defendant #4 (Vince McMahon) received shares in Defendant #1 (WWE, Inc) for the founding and operations of Defendant #1 and his role as CEO, President, Chairman and other roles over a long period of time. While receipt of shares is not considered income, divesting of shares qualifies as income.

281. COUNT TWO, Defendant #4 (Vince McMahon) – Subsequent to his first sale of shares, Defendant #4 (Vince McMahon) sold approximately $200 million to $250 million in shares in Defendant #1 (WWE, Inc). Funds were ***invested*** in Defendant #6 (Alpha Entertainment, LLC, dba XFL) to make use of Plaintiff's trade secrets without their authorization in violation of 18 USC § 1962(a) (income derived from a pattern of racketeering activity to use or invest in the establishment or operation of any enterprise which is engaged in interstate commerce).

282. Defendant #1, #3 & #4 conspired (1962(d)) / maintained control (1962(b)):

283. COUNT THREE, Defendant #1 (WWE, Inc) ***conspired with*** Defendant #3 (Frank Riddick) and Defendant #4 (Vince McMahon) to violate 18 USC § 1962(b) by which Defendant #1 ***maintained*** control of its own enterprise (18 USC § 1962(d)).

284. COUNT FOUR, Defendant #3 (Frank Riddick) ***conspired with*** Defendant #1 (WWE, Inc) and Defendant #4 (Vince McMahon) to violate 18 USC § 1962(b) by which

Defendant #1 *maintained* control of its own enterprise (18 USC § 1962(d)).

285.    COUNT FIVE, Defendant #4 (Vince McMahon) *conspired with* Defendant #1 (WWE, Inc) and Defendant #3 (Frank Riddick) to violate 18 USC § 1962(b) by which Defendant #1 *maintained* control of its own enterprise (18 USC § 1962(d)).

286.    COUNT SIX, Defendant #1 (WWE, Inc) *maintained* control of its own enterprise which is engaged in interstate commerce (18 USC § 1962(b)).

287.    COUNT SEVEN, Defendant #1 (WWE, Inc) *conspired with* Defendant #3 (Frank Riddick) and Defendant #4 (Vince McMahon) to violate 18 USC § 1962(b) by which Defendant #3 *maintained* their own interest in Defendant #1 (18 USC § 1962(d)).

288.    COUNT EIGHT, Defendant #3 (Frank Riddick) *conspired with* Defendant #1 (WWE, Inc) and Defendant #4 (Vince McMahon) to violate 18 USC § 1962(b) by which Defendant #3 *maintained* their own interest in Defendant #1 (18 USC § 1962(d)).

289.    COUNT NINE, Defendant #4 (Vince McMahon) *conspired with* Defendant #1 (WWE, Inc) and Defendant #3 (Frank Riddick) to violate 18 USC § 1962(b) by which Defendant #3 *maintained* their own interest in Defendant #1 (18 USC § 1962(d)).

290.    COUNT TEN, Defendant #3 (Frank Riddick) through a pattern of racketeering activity *maintained* his interest in and control of Defendant #1 (WWE, Inc) in violation of 18 USC § 1962(b).

291.    COUNT ELEVEN, Defendant #1 (WWE, Inc) *conspired with* Defendant #3 and #4 to violate 18 USC § 1962(b) by which Defendant #4 *maintained* their own interest in Defendant #1 (18 USC § 1962(d)).

292.    COUNT TWELVE, Defendant #3 (Frank Riddick) *conspired with* Defendant #1 (WWE, Inc) and Defendant #4 (Vince McMahon) to violate 18 USC § 1962(b) by which

Defendant #4 *__maintained__* their own interest in Defendant #1 (18 USC § 1962(d)).

293.    COUNT THIRTEEN, Defendant #4 (Vince McMahon) *__conspired with__* Defendant #1 (WWE, Inc) and Defendant #3 (Frank Riddick) to violate 18 USC § 1962(b) by which Defendant #4 *__maintained__* their own interest in Defendant #1 (18 USC § 1962(d)).

294.    COUNT FOURTEEN, Defendant #4 (Vince McMahon) through a pattern of racketeering activity *__maintained__* his interest in and control of Defendant #1 (WWE, Inc) in violation of 18 USC § 1962(b).

295.    Defendant #1, #3 & #4 conspired (1962(d)) / violated 1962(c) to operate #1:

296.    COUNT FIFTEEN, Defendant #1 (WWE, Inc) *__conspired with__* Defendant #3 (Frank Riddick) and Defendant #4 (Vince McMahon) to *__conduct__* its operations in violation of 18 USC § 1962(c) (18 USC § 1962(d)).

297.    COUNT SIXTEEN, Defendant #3 (Frank Riddick) *__conspired with__* Defendant #1 (WWE, Inc) and Defendant #4 (Vince McMahon) to *__conduct__* the operations of Defendant #1 in violation of 18 USC § 1962(c) (18 USC § 1962(d)).

298.    COUNT SEVENTEEN, Defendant #4 (Vince McMahon) *__conspired with__* Defendant #1 (WWE, Inc) and Defendant #3 (Frank Riddick) to *__conduct__* the operations of Defendant #1 in violation of 18 USC § 1962(c) (18 USC § 1962(d)).

299.    COUNT EIGHTEEN, Defendant #1 (WWE, Inc) did directly participate in the *__conduct__* of its own affairs through a pattern of racketeering activity in violation of 18 USC § 1962(c).

300.    COUNT NINETEEN, Defendant #3 (Frank Riddick) did directly participate in the *__conduct__* of Defendant #1's affairs through a pattern of racketeering activity (18 US Code § 1962(c)).

301.    COUNT TWENTY, Defendant #4 (Vince McMahon) did directly participate in the ***conduct*** of Defendant #1's affairs through a pattern of racketeering activity (18 US Code § 1962(c)).

302.    Defendant #1, #3, #4 & #6 conspire; #1 acquires interest in Defendant #6:

303.    COUNT TWENTY-ONE, Defendant #1 (WWE, Inc) ***conspired with*** Defendant #3 (Frank Riddick), Defendant #4 (Vince McMahon) and Defendant #6 (Alpha Entertainment, LLC) by which Defendant #1 ***acquired an interest in*** Defendant #6 (18 US Code § 1962(d)).

304.    COUNT TWENTY-TWO, Defendant #3 (Frank Riddick) ***conspired with*** Defendant #1 (WWE, Inc), Defendant #4 (Vince McMahon) and Defendant #6 (Alpha Entertainment, LLC) by which Defendant #1 ***acquired an interest in*** Defendant #6 (18 US Code § 1962(d)).

305.    COUNT TWENTY-THREE, Defendant #4 (Vince McMahon) ***conspired with*** Defendant #1 (WWE, Inc), Defendant #3 (Frank Riddick) and Defendant #6 (Alpha Entertainment, LLC) by which Defendant #1 ***acquired an interest in*** Defendant #6 (18 US Code § 1962(d)).

306.    COUNT TWENTY-FOUR, Defendant #6 (Alpha Entertainment, LLC) ***conspired with*** Defendant #1 (WWE, Inc), Defendant #3 (Frank Riddick) and Defendant #4 (Vince McMahon) by which Defendant #1 ***acquired an interest in*** Defendant #6 (18 US Code § 1962(d)).

307.    COUNT TWENTY-FIVE, Defendant #1 (WWE, Inc) ***acquired an interest in*** Defendant #6 (Alpha Entertainment, LLC) (18 USC § 1962(b)) by licensing logos for the XFL and other properties to Defendant #6.

308.    Defendant #1, #3, #4 & #6 conspired; Defendant #4 acquired an interest in

Defendant #6:

309.    COUNT TWENTY-SIX, Defendant #1 (WWE, Inc) *conspired with* Defendant #3 (Frank Riddick), Defendant #4 (Vince McMahon) and Defendant #6 (Alpha Entertainment, LLC) by which Defendant #4 *acquired an interest in* Defendant #6 (18 US Code § 1962(d)).

310.    COUNT TWENTY-SEVEN, Defendant #3 (Frank Riddick) *conspired with* Defendant #1 (WWE, Inc), Defendant #4 (Vince McMahon) and Defendant #6 (Alpha Entertainment, LLC) by which Defendant #4 *acquired an interest in* Defendant #6 (18 US Code § 1962(d)).

311.    COUNT TWENTY-EIGHT, Defendant #4 (Vince McMahon) *conspired with* Defendant #1 (WWE, Inc), Defendant #3 (Frank Riddick) and Defendant #6 (Alpha Entertainment, LLC) by which Defendant #4 *acquired an interest in* Defendant #6 (18 US Code § 1962(d)).

312.    COUNT TWENTY-NINE, Defendant #6 (Alpha Entertainment, LLC) *conspired with* Defendant #1 (WWE, Inc), Defendant #3 (Frank Riddick) and Defendant #4 (Vince McMahon) by which Defendant #4 *acquired an interest in* Defendant #6 (18 US Code § 1962(d)).

313.    COUNT THIRTY, Defendant #4 (Vince McMahon) *acquired an interest in* Defendant #6 (Alpha Entertainment, LLC) (18 USC § 1962(b)).

314.    Defendant #1, #3, #4 & #6 conspire (1962(d)) / operate XFL (1962(c)):

315.    COUNT THIRTY-ONE, Defendant #1 (WWE, Inc) *conspired* to violate subsection (c) of this section by Defendant #6 establishing operations (18 US Code § 1962(d)).

316.    COUNT THIRTY-TWO, Defendant #3 (Frank Riddick) *conspired* to violate subsection (c) of this section by Defendant #6 establishing operations (18 US Code § 1962(d)).

317.   COUNT THIRTY-THREE, Defendant #4 (Vince McMahon) ***conspired*** to violate subsection (c) of this section by Defendant #6 establishing operations (18 US Code § 1962(d)).

318.   COUNT THIRTY-FOUR, Defendant #6 (Alpha Entertainment, LLC) ***conspired*** to violate subsection (c) of this section by Defendant #6 establishing operations (18 US Code § 1962(d)).

319.   COUNT THIRTY-FIVE, Defendant #1 (WWE, Inc) violates 18 USC § 1962(c) by Defendant #6 establishing operations.

320.   COUNT THIRTY-SIX, Defendant #3 (Frank Riddick) violates 18 USC § 1962(c) by Defendant #6 establishing operations.

321.   COUNT THIRTY-SEVEN, Defendant #4 (Vince McMahon) violates 18 USC § 1962(c) by Defendant #6 establishing operations.

322.   COUNT THIRTY-EIGHT, Defendant #6 (Alpha Entertainment, LLC) violates 18 USC § 1962(c) by Defendant #6 establishing operations.

323.   Defendant #4, #7, #8 and #9 conspired; Defendant #9 acquired an interest in Defendant #6:

324.   COUNT THIRTY-NINE, Defendant #4 (Vince McMahon) ***conspired with*** Defendant #7 (Dick Ebersol), Defendant #8 (Charlie Ebersol) and Defendant #9 (ESPN, Inc) by which Defendant #9 ***acquired an interest in*** Defendant #6 (18 US Code § 1962(d)).

325.   COUNT FORTY, Defendant #7 (Dick Ebersol) ***conspired with*** Defendant #4 (Vince McMahon), Defendant #8 (Charlie Ebersol) and Defendant #9 (ESPN, Inc) by which Defendant #9 ***acquired an interest in*** Defendant #6 (18 US Code § 1962(d)).

326.   COUNT FORTY-ONE, Defendant #8 (Charlie Ebersol) ***conspired with***

Defendant #4 (Vince McMahon), Defendant #7 (Dick Ebersol) and Defendant #9 (ESPN, Inc) by which Defendant #9 *acquired an interest in* Defendant #6 (18 US Code § 1962(d)).

327.    COUNT FORTY-TWO, Defendant #9 (ESPN, Inc) *conspired with* Defendant #4 (Vince McMahon), Defendant #7 (Dick Ebersol) and Defendant #8 (Charlie Ebersol) by which Defendant #9 *acquired an interest in* Defendant #6 (18 US Code § 1962(d)).

328.    COUNT FORTY-THREE, Defendant #9 (ESPN, Inc) *acquired an interest in* Defendant #6 (Alpha Entertainment, LLC) by producing and broadcasting an episode of '30-for-30' produced by Defendant #8 (Charlie Ebersol) and starring Defendant #4 (Vince McMahon) and Defendant #7 (Dick Ebersol); and subsequently broadcasted football games for Defendant #6 (18 US Code § 1962(b)).

329.    Defendant #7, #8, #10 & #11 conspired; #7 acquired an interest in #11:

330.    COUNT FORTY-FOUR, Defendant #7 (Dick Ebersol) *conspired with* Defendant #8 (Charlie Ebersol), Defendant #10 (Bill Polian) and Defendant #11 (Legendary Field Exhibitions, LLC) by which Defendant #7 *acquired an interest in* Defendant #11 (18 US Code § 1962(d)).

331.    COUNT FORTY-FIVE, Defendant #8 (Charlie Ebersol) *conspired with* Defendant #7 (Dick Ebersol), Defendant #10 (Bill Polian) and Defendant #11 (Legendary Field Exhibitions, LLC) by which Defendant #7 *acquired an interest in* Defendant #11 (18 US Code § 1962(d)).

332.    COUNT FORTY-SIX, Defendant #10 (Bill Polian) *conspired with* Defendant #7 (Dick Ebersol), Defendant #8 (Charlie Ebersol) and Defendant #11 (Legendary Field Exhibitions, LLC) by which Defendant #7 *acquired an interest in* Defendant #11 (18 US Code § 1962(d)).

333.    COUNT FORTY-SEVEN, Defendant #11 (Legendary Field Exhibitions, LLC) ***conspired with*** Defendant #7 (Dick Ebersol), Defendant #8 (Charlie Ebersol) and Defendant #10 (Bill Polian) by which Defendant #7 ***acquired an interest in*** Defendant #11 (18 US Code § 1962(d)).

334.    COUNT FORTY-EIGHT, Defendant #7 (Dick Ebersol) ***acquired an interest in*** Defendant #11 (Legendary Field Exhibitions, LLC) (18 US Code § 1962(b)).

335.    Defendant #7, #8, #10 & #11 conspired; Defendant #8 acquired an interest in Defendant #11:

336.    COUNT FORTY-NINE, Defendant #7 (Dick Ebersol) ***conspired with*** Defendant #8, #10 & #11 by which Defendant #8 ***acquired an interest in*** Defendant #11 (18 US Code § 1962(d)).

337.    COUNT FIFTY, Defendant #8 (Charlie Ebersol) ***conspired with*** Defendant #7, #10 & #11 by which Defendant #8 ***acquired an interest in*** Defendant #11 (18 US Code § 1962(d)).

338.    COUNT FIFTY-ONE, Defendant #10 (Bill Polian) ***conspired with*** Defendant #7, #8 & #11 by which Defendant #8 ***acquired an interest in*** Defendant #11 (18 US Code § 1962(d)).

339.    COUNT FIFTY-TWO, Defendant #11 (Legendary Field Exhibitions, LLC) ***conspired with*** Defendant #7, #8 & #10 by which Defendant #8 ***acquired an interest in*** Defendant #11 (18 US Code § 1962(d)).

340.    COUNT FIFTY-THREE, Defendant #8 (Charlie Ebersol) ***acquired an interest in*** Defendant #11 (Legendary Field Exhibitions, LLC) (18 US Code § 1962(b)).

341.    Defendant #7, #8, #10 & #11 conspired; Defendant #10 acquired an interest in

Defendant #11:

342.    COUNT FIFTY-FOUR, Defendant #7 (Dick Ebersol) ***conspired with*** Defendant #8, #10 & #11 by which Defendant #10 ***acquired an interest in*** Defendant #11 (18 US Code § 1962(d)).

343.    COUNT FIFTY-FIVE, Defendant #8 (Charlie Ebersol) ***conspired with*** Defendant #7, #10 & #11 by which Defendant #10 ***acquired an interest in*** Defendant #11 (18 US Code § 1962(d)).

344.    COUNT FIFTY-SIX, Defendant #10 (Bill Polian) ***conspired with*** Defendant #7, #8 & #11 by which Defendant #10 ***acquired an interest in*** Defendant #11 (18 US Code § 1962(d)).

345.    COUNT FIFTY-SEVEN, Defendant #11 (Legendary Field Exhibitions, LLC) ***conspired with*** Defendant #7, #8 & #10 by which Defendant #10 ***acquired an interest in*** Defendant #11 (18 US Code § 1962(d)).

346.    COUNT FIFTY-EIGHT, Defendant #10 (Bill Polian) ***acquired an interest in*** Defendant #11 (Legendary Field Exhibitions, LLC) (18 US Code § 1962(b)).

347.    Defendant #7, #8, #10, #11 and #12 conspired; Defendant #12 invested and acquired an interest in Defendant #11:

348.    COUNT FIFTY-NINE, Defendant #7 (Dick Ebersol) ***conspired with*** Defendant #8, #10, #11 & #12 by which Defendant #12 ***invested*** in Defendant #11 (18 US Code § 1962(d)).

349.    COUNT SIXTY, Defendant #8 (Charlie Ebersol) ***conspired with*** Defendant #7, #10, #11 & #12 by which Defendant #12 ***invested*** in Defendant #11 (18 US Code § 1962(d)).

350.    COUNT SIXTY-ONE, Defendant #10 (Bill Polian) ***conspired with*** Defendant #7, #8, #11 & #12 by which Defendant #12 ***invested*** in Defendant #11 (18 US Code § 1962(d)).

351.   COUNT SIXTY-TWO, Defendant #11 (Legendary Field Exhibitions, LLC) *conspired with* Defendant #7, #8, #10 & #12 by which Defendant #12 *invested* in Defendant #11 (18 US Code § 1962(d)).

352.   COUNT SIXTY-THREE, Defendant #12 (Reggie Fowler) *conspired with* Defendant #7, #8, #10 & #11 by which Defendant #12 *invested* in Defendant #11 (18 US Code § 1962(d)).

353.   COUNT SIXTY-FOUR, Defendant #12 (Reggie Fowler) *invested* in Defendant #11 (Legendary Field Exhibitions, LLC) (18 US Code § 1962(a)).

354.   COUNT SIXTY-FIVE, Defendant #7 (Dick Ebersol) *conspired with* Defendant #8, #10, #11 & #12 by which Defendant #12 *acquired an interest in* Defendant #11 (18 US Code § 1962(d)).

355.   COUNT SIXTY-SIX, Defendant #8 (Charlie Ebersol) *conspired with* Defendant #7, #10, #11 & #12 by which Defendant #12 *acquired an interest in* Defendant #11 (18 US Code § 1962(d)).

356.   COUNT SIXTY-SEVEN, Defendant #10 (Bill Polian) *conspired with* Defendant #7, #8, #11 & #12 by which Defendant #12 *acquired an interest in* Defendant #11 (18 US Code § 1962(d)).

357.   COUNT SIXTY-EIGHT, Defendant #11 (Legendary Field Exhibitions, LLC) *conspired with* Defendant #7, #8 & #10 & #12 by which Defendant #12 *acquired an interest in* Defendant #11 (18 US Code § 1962(d)).

358.   COUNT SIXTY-NINE, Defendant #12 (Reggie Fowler) *conspired with* Defendant #7, #8, #10 & #11 by which Defendant #12 *acquired an interest in* Defendant #11 (18 US Code § 1962(d)).

359.   COUNT SEVENTY, Defendant #12 (Reggie Fowler) ***acquired an interest in*** Defendant #11 (Legendary Field Exhibitions, LLC) (18 US Code § 1962(b)).

360.   Defendant #7, #8, #10, #11 and #13 conspire to violate subsections (a) & (b); Defendant #13 acquires an interest in Defendant #11 (18 US Code § 1962(d)).

361.   COUNT SEVENTY-ONE, Defendant #7 (Dick Ebersol) ***conspired with*** Defendant #8, #10, #11 & #13 by which Defendant #13 ***invested in*** Defendant #11 (18 US Code § 1962(d)).

362.   COUNT SEVENTY-TWO, Defendant #8 ***conspired with*** Defendant #7, #10, #11, #13 by which Defendant #13 ***invested in*** Defendant #11 (18 US Code § 1962(d)).

363.   COUNT SEVENTY-THREE, Defendant #10 (Bill Polian) ***conspired with*** Defendant #7, #8, #11 & #13 by which Defendant #13 ***invested in*** Defendant #11 (18 US Code § 1962(d)).

364.   COUNT SEVENTY-FOUR, Defendant #11 ***conspired with*** Defendant #7, #8, #10 & #13 by which Defendant #13 ***invested in*** Defendant #11 (18 US Code § 1962(d)).

365.   COUNT SEVENTY-FIVE, Defendant #13 ***conspired with*** Defendant #7, #8, #10 & #11 by which Defendant #13 ***invested in*** Defendant #11 (18 US Code § 1962(d)).

366.   COUNT SEVENTY-SIX, Defendant #13 (Tom Dundon) ***invested in*** Defendant #11 (Legendary Field Exhibitions, LLC) (18 US Code § 1962(a)).

367.   COUNT SEVENTY-SEVEN, Defendant #7 (Dick Ebersol) ***conspired with*** Defendant #8, #10, #11 & #13 by which Defendant #13 ***acquired an interest in*** Defendant #11 (18 US Code § 1962(d)).

368.   COUNT SEVENTY-EIGHT, Defendant #8 (Charlie Ebersol) ***conspired with*** Defendant #7, #10, #11 & #13 by which Defendant #13 ***acquired an interest in*** Defendant #11

(18 US Code § 1962(d)).

369.    COUNT SEVENTY-NINE, Defendant #10 (Bill Polian) *conspired with* Defendant #7, #8, #11 & #13 by which Defendant #13 *acquired an interest in* Defendant #11 (18 US Code § 1962(d)).

370.    COUNT EIGHTY, Defendant #11 *conspired with* Defendant #7, #8, #10 & #13 by which Defendant #13 *acquired an interest in* Defendant #11 (18 US Code § 1962(d)).

371.    COUNT EIGHTY-ONE, Defendant #13 *conspired with* Defendant #7, #8, #10 & #11 by which Defendant #13 *acquired an interest in* Defendant #11 (18 US Code § 1962(d)).

372.    COUNT EIGHTY-TWO, Defendant #13 (Tom Dundon) *acquired an interest in* and full control of Defendant #11 (Legendary Field Exhibitions, LLC) (18 US Code § 1962(b)).

373.    COUNT EIGHTY-THREE, Defendant #13 (Tom Dundon) *maintains an interest in* or control of multiple companies including his investment fund and several portfolio companies (18 US Code § 1962(b)).

374.    Defendant #7, #8, #10, #11, #12 & #13 conspire (1962(d)) / operate AAF (1962(c)):

375.    COUNT EIGHTY-FOUR, Defendant #7 (Dick Ebersol) *conspired with* Defendant #8, #10, #11, #12 & #13 to operate Defendant #11 in violation of 18 US Code § 1962(c) (18 US Code § 1962(d)).

376.    COUNT EIGHTY-FIVE, Defendant #8 (Charlie Ebersol) *conspired with* Defendant #7, #10, #11, #12 & #13 to operate Defendant #11 in violation of 18 US Code § 1962(c) (18 US Code § 1962(d)).

377.    COUNT EIGHTY-SIX, Defendant #10 *conspired with* Defendant #7, #8, #11, #12 & #13 to operate Defendant #11 in violation of 18 US Code § 1962(c) (18 US Code §

1962(d)).

378.    COUNT EIGHTY-SEVEN, Defendant #11 _**conspired with**_ Defendant #7, #8, #10, #12 & #13 to operate Defendant #11 in violation of 18 US Code § 1962(c) (18 US Code § 1962(d)).

379.    COUNT EIGHTY-EIGHT, Defendant #12 _**conspired with**_ Defendant #7, #8, #10, #11 & #13 to operate Defendant #11 in violation of 18 US Code § 1962(c) (18 US Code § 1962(d)).

380.    COUNT EIGHTY-NINE, Defendant #13 _**conspired with**_ Defendant #7, #8, #10, #11 & #12 to operate Defendant #11 in violation of 18 US Code § 1962(c) (18 US Code § 1962(d)).

381.    COUNT NINETY, Defendant #7 _**operated**_ Defendant #11 (18 US Code § 1962(c)).

382.    COUNT NINETY-ONE, Defendant #8 _**operated**_ Defendant #11 (18 US Code § 1962(c)).

383.    COUNT NINETY-TWO, Defendant #10 _**operated**_ Defendant #11 (18 US Code § 1962(c)).

384.    COUNT NINETY-THREE, Defendant #11 _**operated**_ Defendant #11 (18 US Code § 1962(c)).

385.    COUNT NINETY-FOUR, Defendant #12 _**operated**_ Defendant #11 (18 US Code § 1962(c)).

386.    COUNT NINETY-FIVE, Defendant #13 _**operated**_ Defendant #11 (18 US Code § 1962(c)).

387.    Defendant #4, #6, #14, #15, #16, #17 & #18 conspired; Defendant #14 acquires

an interest in Defendant #6 (18 US Code § 1962(d)):

388.   COUNT NINETY-SIX, Defendant #4 (Vince McMahon) *__conspired with__* Defendant #6, #14, #15, #16, #17 & #18 by which Defendant #14 *__acquired an interest in__* Defendant #6 (18 US Code § 1962(d)).

389.   COUNT NINETY-SEVEN, Defendant #6 (Alpha Entertainment, LLC) *__conspired with__* Defendant #4, #14, #15, #16, #17 & #18 by which Defendant #14 *__acquired an interest in__* Defendant #6 (18 US Code § 1962(d)).

390.   COUNT NINETY-EIGHT, Defendant #14 (Alpha Acquico, LLC) *__conspired with__* Defendant #4, #6, #15, #16, #17 & #18 by which Defendant #14 *__acquired an interest in__* Defendant #6 (18 US Code § 1962(d)).

391.   COUNT NINETY-NINE, Defendant #15 (Dwayne Johnson) *__conspired with__* Defendant #4, #6, #14, #16, #17 & #18 by which Defendant #14 *__acquired an interest in__* Defendant #6 (18 US Code § 1962(d)).

392.   COUNT ONE HUNDRED, Defendant #16 (Dany Garcia) *__conspired with__* Defendant #4, #6, #14, #15, #17 & #18 by which Defendant #14 *__acquired an interest in__* Defendant #6 (18 US Code § 1962(d)).

393.   COUNT ONE HUNDRED-ONE, Defendant #17 (Gerry Cardinale) *__conspired with__* Defendant #4, #6, #14, #15, #16 & #18 by which Defendant #14 *__acquired an interest in__* Defendant #6 (18 US Code § 1962(d)).

394.   COUNT ONE HUNDRED-TWO, Defendant #18 (Redbird Capital Partners, LLC) *__conspired with__* Defendant #4, #6, #14, #15, #16 & #17 by which Defendant #14 *__acquired an interest in__* Defendant #6 (18 US Code § 1962(d)).

395.   COUNT ONE HUNDRED-THREE, Defendant #14 (Alpha Acquico, LLC)

*acquired an interest in* Defendant #6 (Alpha Entertainment, LLC) in the form of property of Defendant #6 during Defendant #6's bankruptcy proceedings (18 US Code § 1962(b)).

396. COUNT ONE HUNDRED-FOUR, Defendant #14, #15, #16, #17 & #18 conspired; Defendant #15 (Dwayne Johnson) acquires an interest in Defendant #14 (18 US Code § 1962(d)):

397. COUNT ONE HUNDRED-FIVE, Defendant #14 (Alpha Acquico, LLC) *conspired with* Defendant #15, #16, #17 and #18 by which Defendant #15 *acquired an interest in* Defendant #14 (18 US Code § 1962(d)).

398. COUNT ONE HUNDRED-SIX, Defendant #15 *conspired with* Defendant #14 (Alpha Acquico, LLC), #16, #17 and #18 by which Defendant #15 *acquired an interest in* Defendant #14 (18 US Code § 1962(d)).

399. COUNT ONE HUNDRED-SEVEN, Defendant #16 *conspired with* Defendant #14 (Alpha Acquico, LLC), #15, #17 and #18 by which Defendant #15 acquired an interest in Defendant #14 (18 US Code § 1962(d)).

400. COUNT ONE HUNDRED-EIGHT, Defendant #17 *conspired with* Defendant #14 (Alpha Acquico, LLC), #15, #16 and #18 by which Defendant #15 acquired an interest in Defendant #14 (18 US Code § 1962(d)).

401. COUNT ONE HUNDRED-NINE, Defendant #18 *conspired with* Defendant #14 (Alpha Acquico, LLC), #15, #16 and #17 by which Defendant #15 acquired an interest in Defendant #14 (18 US Code § 1962(d)).

402. COUNT ONE HUNDRED-TEN, Defendant #15 (Dwayne Johnson) *acquired and maintains interest in* and control of Defendant #14 (Alpha Acquico, LLC) (18 US Code § 1962(b).

403.    Defendant #14, #15, #16, #17 & #18 conspire to violate subsection (b); Defendant #16 (Dany Garcia) acquires an interest in Defendant #14 (18 US Code § 1962(d)):

404.    COUNT ONE HUNDRED-ELEVEN, Defendant #14 (Alpha Acquico, LLC) *conspired with* Defendant #15, #16, #17 and #18 by which Defendant #16 *acquired an interest in* Defendant #14 (18 US Code § 1962(d)).

405.    COUNT ONE HUNDRED-TWELVE, Defendant #15 *conspired with* Defendant #14 (Alpha Acquico, LLC), #16, #17 and #18 by which Defendant #16 *acquired an interest in* Defendant #14 (18 US Code § 1962(d)).

406.    COUNT ONE HUNDRED-THIRTEEN, Defendant #16 *conspired with* Defendant #14 (Alpha Acquico, LLC), #15, #17 and #18 by which Defendant #16 *acquired an interest in* Defendant #14 (18 US Code § 1962(d)).

407.    COUNT ONE HUNDRED-FOURTEEN, Defendant #17 *conspired with* Defendant #14 (Alpha Acquico, LLC), #15, #16 and #18 by which Defendant #16 *acquired an interest in* Defendant #14 (18 US Code § 1962(d)).

408.    COUNT ONE HUNDRED-FIFTEEN, Defendant #18 *conspired with* Defendant #14 (Alpha Acquico, LLC), #15, #16 and #17 by which Defendant #16 *acquired an interest in* Defendant #14 (18 US Code § 1962(d)).

409.    COUNT ONE HUNDRED-SIXTEEN, Defendant #16 (Dany Garcia) *acquired and maintains interest in* and control of Defendant #14 (Alpha Acquico, LLC) (18 US Code § 1962(b).

410.    Defendant #14, #15, #16, #17 & #18 conspire to violate subsection (b); Defendant #17 (Gerry Cardinale) acquires an interest in Defendant #14 (18 US Code § 1962(d)).

411.    COUNT ONE HUNDRED-SEVENTEEN, Defendant #14 (Alpha Acquico, LLC)

***conspired with*** Defendant #15, #16, #17 and #18 by which Defendant #17 ***acquired an interest in*** Defendant #14 (18 US Code § 1962(d)).

412.  COUNT ONE HUNDRED-EIGHTEEN, Defendant #15 ***conspired with*** Defendant #14 (Alpha Acquico, LLC), #16, #17 and #18 by which Defendant #17 ***acquired an interest in*** Defendant #14 (18 US Code § 1962(d)).

413.  COUNT ONE HUNDRED-NINETEEN, Defendant #16 ***conspired with*** Defendant #14 (Alpha Acquico, LLC), #15, #17 and #18 by which Defendant #17 ***acquired an interest in*** Defendant #14 (18 US Code § 1962(d)).

414.  COUNT ONE HUNDRED-TWENTY, Defendant #17 ***conspired with*** Defendant #14 (Alpha Acquico, LLC), #15, #16 and #18 by which Defendant #17 ***acquired an interest in*** Defendant #14 (18 US Code § 1962(d)).

415.  COUNT ONE HUNDRED-TWENTY-ONE, Defendant #18 ***conspired with*** Defendant #14 (Alpha Acquico, LLC), #15, #16 and #17 by which Defendant #17 ***acquired an interest in*** Defendant #14 (18 US Code § 1962(d)).

416.  COUNT ONE HUNDRED-TWENTY-TWO, Defendant #17 (Gerry Cardinale) ***acquired and maintains interest in*** and control of Defendant #14 (Alpha Acquico, LLC) (18 US Code § 1962(b).

417.  Defendant #14, #15, #16, #17 & #18 conspire to violate subsections (a) and (b) (18 US Code § 1962(d)); Defendant #18 invests in / acquires an interest in Defendant #14.

418.  COUNT ONE HUNDRED-TWENTY-THREE, Defendant #14 (Alpha Acquico, LLC) ***conspired with*** Defendant #15, #16, #17 and #18 by which Defendant #18 ***invested in*** Defendant #14 (18 US Code § 1962(d)).

419.  COUNT ONE HUNDRED-TWENTY-FOUR, Defendant #15 ***conspired with***

Defendant #14 (Alpha Acquico, LLC), #16, #17 and #18 by which Defendant #18 *__invested in__* Defendant #14 (18 US Code § 1962(d)).

420. COUNT ONE HUNDRED-TWENTY-FIVE, Defendant #16 *__conspired with__* Defendant #14 (Alpha Acquico, LLC), #15, #17 and #18 by which Defendant #18 *__invested in__* Defendant #14 (18 US Code § 1962(d)).

421. COUNT ONE HUNDRED-TWENTY-SIX, Defendant #17 *__conspired with__* Defendant #14 (Alpha Acquico, LLC), #15, #16 and #18 by which Defendant #18 *__invested in__* Defendant #14 (18 US Code § 1962(d)).

422. COUNT ONE HUNDRED-TWENTY-SEVEN, Defendant #18 *__conspired with__* Defendant #14 (Alpha Acquico, LLC), #15, #16 and #17 by which Defendant #18 *__invested in__* Defendant #14 (18 US Code § 1962(d)).

423. COUNT ONE HUNDRED-TWENTY-EIGHT, Defendant #18 (Redbird Capital Partners, LLC) *__invested in__* Defendant #14 (Alpha Acquico, LLC) (18 US Code § 1962(a)).

424. COUNT ONE HUNDRED-TWENTY-NINE, Defendant #14 (Alpha Acquico, LLC) *__conspired with__* Defendant #15, #16, #17 and #18 by which Defendant #18 *__acquired an interest in__* Defendant #14 (18 US Code § 1962(d)).

425. COUNT ONE HUNDRED-THIRTY, Defendant #15 *__conspired with__* Defendant #14 (Alpha Acquico, LLC), #16, #17 and #18 by which Defendant #18 *__acquired an interest in__* Defendant #14 (18 US Code § 1962(d)).

426. COUNT ONE HUNDRED-THIRTY-ONE, Defendant #16 *__conspired with__* Defendant #14 (Alpha Acquico, LLC), #15, #17 and #18 by which Defendant #18 *__acquired an interest in__* Defendant #14 (18 US Code § 1962(d)).

427. COUNT ONE HUNDRED-THIRTY-TWO, Defendant #17 *__conspired with__*

Defendant #14 (Alpha Acquico, LLC), #15, #16 and #18 by which Defendant #18 *acquired an interest in* Defendant #14 (18 US Code § 1962(d)).

428.    COUNT ONE HUNDRED-THIRTY-THREE, Defendant #18 *conspired with* Defendant #14 (Alpha Acquico, LLC), #15, #16 and #17 by which Defendant #18 *acquired an interest in* Defendant #14 (18 US Code § 1962(d)).

429.    COUNT ONE HUNDRED-THIRTY-FOUR, Defendant #18 *acquired and maintains interest in and control* of Defendant #14 (Alpha Acquico, LLC) (18 US Code § 1962(b).

430.    Total counts by charge:  Misappropriation of Trade Secrets, 89 counts; Theft of Trade Secrets, 115 counts; RICO, 134 counts.  Total counts, all charges:  338 counts.  As a courtesy, Plaintiff will provide Defendants and / or counsel with a complete list of which counts and charges apply to that Defendant or counsel's client upon Defendant and / or their counsel making contact with Plaintiff.  Plaintiff requests that all communications be via US Postal Service.


## MOTION TO SEAL COURT RECORDS

431.    Under 18 US Code § 1835, Plaintiff requests that all proceedings, records and discovery and any records possible that the stipulations of Federal Trade Secret Laws apply to be sealed and access to these records be restricted to those individuals only necessary and allowable according to Federal Trade Secret Laws.


## Privilege of Trade Secret Owner (Federal)

432.    Plaintiff asserts Federal Rules of Evidence Rule 302 and Rule 501, "In a civil case, state law governs the effect of a presumption regarding a claim or defense for which state law

supplies the rule of decision;" and Texas Rules of Evidence Rule Rule 507, "A person has a privilege to refuse to disclose and to prevent other persons from disclosing a trade secret owned by the person, unless the court finds that nondisclosure will tend to conceal fraud or otherwise work injustice."

433.    Plaintiff at this time refuses to disclose the evidence of communications with Defendant #2 (Carol Riddick) in which Plaintiff disclosed their trade secret information to Defendant and petitions the court to issue appropriate orders to prevent Defendants from disclosing Plaintiff's trade secret information to others or to the court until such time as disclosure is requested in discovery.

434.    Plaintiff further petitions the court to seal all evidence in these proceedings under 18 USC 1836(b)(3) "In a civil action brought under this subsection with respect to the misappropriation of a trade secret, a court may (A) grant an injunction (i) to prevent any actual or threatened misappropriation described in paragraph (1) on such terms as the court deems reasonable (ii) if determined appropriate by the court, requiring affirmative actions to be taken to protect the trade secret."

435.    Plaintiff will seek remedy under 18 USC 1836(b)(3)(A)(iii) "in exceptional circumstances that render an injunction inequitable, that conditions future use of the trade secret upon payment of a reasonable royalty for no longer than the period of time for which such use could have been prohibited" and award under 18 USC 1836(b)(3)(B) and (C) at trial.

## <u>REQUEST FOR DAMAGES AND RELIEF</u>

Plaintiff requests relief for the misappropriation of trade secrets as follows:

1. For a declaration that Defendants' actions as alleged herein are unlawful;

2. An injunction to prevent actual or threatened misappropriation on such terms as the court deems reasonable;

3. An injunction ordering affirmative actions to be taken to protect the trade secrets;

4. An order enjoining Defendants from engaging in the unlawful acts complained of herein;

5. Where the court determines an injunction inequitable, an order conditioning future use of the trade secrets upon payment of a reasonable royalty;

6. An award of damages for actual loss caused by the misappropriation, the amount to be determined at trial;

7. An award of damages for any unjust enrichment caused by the misappropriation that is not addressed in computing damages for actual loss, the amount to be determined at trial;

8. Figure for sum of #6 and #7 *__estimated at greater than $15 million;__* figure based on valuation at disposal of assets of Defendant #6 in bankruptcy proceedings;

9. Plaintiff asserts that misappropriation was both willful and malicious, thus seeks exemplary damages no greater than twice (2 X's) figure in #8 above;

10. Reasonable attorney's fees for Plaintiff;

11. Court costs;

12. Pre-judgment interest, post-judgment interest and an upward adjustment for inflation;

13. Any other remedy Plaintiff deems appropriate.

Plaintiff may not seek remedies for Theft of Trade Secrets as an individual may not pursue criminal charges *Pro Se*. Charges of Theft of Trade Secrets and related counts are included to establish a pattern of racketeering to pursue remedies under RICO (below).

Plaintiff requests relief for the violations of 18 USC § 1962 (RICO) as follows:

1. For a declaration that Defendants' actions as alleged herein are unlawful;

2. Treble damages, an amount to be determined at trial (*__figure estimated at greater than $15 million,__* that figure based on disposal of assets of Defendant #6 in bankruptcy proceedings, *__treble damages totaling triple (3 X's) that figure__*;

3. Reasonable attorney's fees for Plaintiff;

4. Court costs;

5. Pre-judgment interest, post-judgment interest and an upward adjustment for inflation;

6. Any other remedy Plaintiff deems appropriate.

Amounts listed above are separate, each set of awards are allowed under relevant law and are not duplicative.

Dated: June 27, 2022                    Respectfully submitted by / for,


                                        David Adrian Smith
                                        PLAINTIFF (*Pro Se*)

## JURY DEMAND

Plaintiff is entitled to and hereby demands a jury trial for the misappropriation of trade secrets, theft of trade secrets and RICO violations alleged against all Defendants.

Dated: ~~June 27, 2022~~
7/18/2022

Respectfully Submitted,

By:___ /s/   DAd mth _____

DAVID ADRIAN SMITH, *Pro Se*
3917 CLUBWAY LN
FARMERS BRANCH, TX 75244
P: 214-235-9215
davidadriansmith@hotmail.com

*PRO SE* PLAINTIFF

JS 44 (Rev. 10/20) – TXND (10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

David Adrian Smith

**DEFENDANTS**

WWE, Inc., et al.

**(b)** County of Residence of First Listed Plaintiff   **Dallas County, Texas**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Fairfield County, CT**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

pro se, David Adrian Smith, 3917 Clubway Ln Farmers Branch, TX 75244

Attorneys *(If Known)*

unknown / multiple

JUL 20 2022
n/o

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question
  *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 367 Health Care/ Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [x] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Defend Trade Secrets Act of 2016; RICO Act of 1970

Brief description of cause:
Misappropriation of Trade Secrets; Civil RICO

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   over $15 million

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   July 18 2022   7/18/2022

SIGNATURE OF ATTORNEY OF RECORD   DA Smith, pro se

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

FROM:

David Adrian Smith
3917 Clubway Ln
Dallas, TX
75244



CERTIFIED MAIL

7020 2450 0002 0443 3428





U.S. POSTAGE PAID
PM
DALLAS, TX
75254
JUL 18, 22
AMOUNT
$16.50
R2303S102026-05



RECEIVED-1

JUL 20 2022

MAILROOM

TO:

District Clerk
US District Court
Dallas, TX 75242
1100 Commerce St
Room 1452

CHECKED JUL 20 2022



RECEIV
20
MAILROOM

tility Mailer
1/2" x 16"

ReadyPost.