ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 1 3 2023

CLERK, U.S. DISTRICT COURT
By ____KAF____
Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| David Adrian Smith<br>　Plaintiff (*Pro Se*),<br><br>v.<br><br>WWE, Inc, et al,<br>　Defendants. | §§§§§§§§§§ | Case No.:  322-CV-01580 |

## MOTION TO ALLOW EXTRA TIME FOR EXCUSABLE NEGLECT

**Motion to Allow Extra Time for Excusable Neglect**

"Even the most sophisticated law firms with the most state-of-the-art calendaring and docketing vendors and internal practices and controls can suffer the nightmare of having a filing deadline fall through the cracks. See, *Pincay v. Andrews*, 389 F.3d 853, 854-855 (9th Cir. 2004). (ABA website)" As Plaintiff is neither a "sophisticated law firm" nor experienced in legal procedure, if law firms occasionally miss deadlines similarly, it only holds that the court would grant Plaintiff's motion for extra time due to excusable neglect.

Rule 60(b)(1)(B) "(b) EXTENDING TIME. (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time: (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 60(b)(1)(B).

"Excusable neglect is, at bottom, an equitable doctrine, without a precise definition in the Federal Rules (and) the U.S. Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates, Ltd. Partnership*, 507 U.S. 380, 395 (1992) provided guidance on what constitutes excusable neglect…(in a) four-factor balancing test under…Rule 6: 1.) Whether the delay in

filing was within the reasonable control of the movant; 2.) The length of the delay and the delay's potential impact on judicial proceedings; 3.) The danger of prejudice to the non-moving party; and 4.) Whether the movant acted in good faith." (ABA website)

Plaintiff's delay in filing was not within their reasonable control.  Plaintiff is a Pro Se, not an attorney, thus the process of researching and reviewing underlying legal topics and preparing their response ended up being greater than they could comply within the required time.  Where a counselor practicing law has probably encountered underlying legal questions multiple times in their career, several issues raised by the Magistrate Judge represent the first time that Plaintiff has ever encountered these issues.  Plaintiff has also had to deal with another unrelated legal matter in which they were arrested for refusing to comply with the so-called "mask mandate" on a DART bus.  This arrest occurred two years ago and Plaintiff was running up against relevant Statute of Limitations in that matter at the same time as answers were due in this matter.  Then the District Court Judge issued their final ruling in this matter and Plaintiff has had to pivot from motioning based on Rule 6 to Rule 60.  However, the length of the delay is relatively minimal.  Plaintiff's Original Complaint has still not been served on Defendants.  Motion for extra time to file a response to the Magistrate Judge's initial findings allows the Court to consider evidence Plaintiff proposes including in an Amended Petition.  If this evidence and Plaintiff's response are not convincing, the Court may simply dismiss with no further impact on judicial proceedings as Plaintiff files their response concurrently to this motion.  However, granting Plaintiff's motion ensures the Court enters a final ruling based on facts, evidence, and merit, not technicalities.  And there is no danger of prejudice on any other party as this matter was still under the court's initial review and had not been served on any other party yet.  Defendants still can fully argue their side in subsequent proceedings.  No prejudice is possible at this stage as Plaintiff must still

submit pleadings in the Amended Complaint sufficient to raise pleadings above the level of plausibility, as the Magistrate Judge indicated Plaintiff failed to accomplish with their Original Complaint.  Finally, movant (Plaintiff) has acted in good faith, as evinced by the speed with which Plaintiff has filed the motion following its due date.

"(O)ne of the underlying premises of the excusable neglect doctrine is that it exists to prevent victories by default. *Newgen, LLC. v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (observing that it is 'the general rule that default judgments are ordinarily disfavored'). It is an oft-stated but often undervalued principle of the federal civil procedure system that cases should, in the main, be decided on the merits, not on technicalities. *Rodriguez v. Village Green Realty, LLC*, 788 F.3d 31, 47 (2d. Cir. 2015) (citing *Cargill, Inc. v. Sears Petroleum & Transp. Corp.*, 334 F. Supp. 2d 197, 247 (NDNY 2014) and observing that there is a strong preference for resolving disputes on the merits)." (ABA website)

Plaintiff's failure to comply with the filing deadline was inadvertent and due to:  The fact they are not an attorney, thus not experienced in the underlying law; the nature of the details in the Magistrate Judge's Initial Findings were sufficiently detailed as requiring a more well-thought and prepared response than Plaintiff could reasonably provide by the deadline; Plaintiff had to pivot from pleading Rule 6(b)(1) to pleading Rule 60(b)(1) upon the Court issuing its final order; and, finally, Plaintiff had another unrelated legal matter with deadlines roughly concurrent to those in this response to deal with.  Plaintiff has acted expeditiously and in good faith to file this motion and the accompanying response to the Magistrate Judge's Initial Findings.  Lastly, no other party has been prejudiced due to the fact this matter is still undergoing initial review before the court and the delay resulting from Plaintiff missing the deadline has been relatively minimal.

Plaintiff has not attempted to procure the consent of any other party to this motion due to

the fact this matter is in the initial review stage, only the Magistrate Judge, the Presiding Judge and the Court now have this matter before them, and it has not been served on any other party at this time.

Dated:  August 23, 2023                                     Respectfully Submitted,

By:  /s/  *DavidAdrianSmith*
DAVID ADRIAN SMITH, *Pro Se*
3917 CLUBWAY LN
FARMERS BRANCH, TX 75244
P: 214-235-9215
davidadriansmith@hotmail.com

***PRO SE* PLAINTIFF**